IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) Chapter 11<br>)<br>**NORTHWESTERN CORPORATION,** ) Case No. 03-12872 (JLP)<br>)<br>)<br>Reorganized Debtor. )<br>)<br>_____ ) | |

**DEBTOR'S MOTION TO WITHDRAW REFERENCE
PURSUANT TO 28 U.S.C § 157(b)(5)**

NorthWestern Corporation (the "Debtor") hereby files this motion (the "Motion") seeking to withdraw, to the United States District Court for the District of Delaware (the "District Court"), determination of the Debtor's objections to the personal injury or wrongful death claims of **Douglas Nelson and Shila Fisher (claim no. 512), Roger Rohr and Carol Rohr (claim no. 793), Estate of Orval Meyer (claim no. 944), Kenneth Kovack as Personal Representative for the Estate of Donald Kovack and Diana Kovack (claim no. 1082)** (collectively, the "Claims"), and in support thereof respectfully represents as follows:

I. **Preliminary Statement**

1.  Each of Douglas Nelson and Shila Fisher, Roger Rohr and Carol Rohr, the Estate of Orval Meyer, and Kenneth Kovack as Personal Representative for the Estate of Donald Kovack and Diana Kovack (collectively, "Claimants") filed a proof of claim in the Debtor's Chapter 11 case. On October 19, 2004, the Court entered an order (the "Confirmation Order") confirming the Debtor's Second Amended and Restated Plan of Reorganization under Chapter 11 of the Bankruptcy Code (the "Plan"). On November 1, 2004, the Effective Date under the Plan occurred and the Debtor emerged from Chapter 11. The Plan provides that objections to

claims shall be filed in no event later than ninety (90) days after the Effective Date, or such later date as may be approved by the Bankruptcy Court.

2.     On January 31, 2005, the Debtor filed the Debtor's Sixteenth Omnibus Objection to Claims Pursuant to 11 U.S.C. § 502(b) and Fed. R. Bankr. P. 3007 [Personal Injury/Wrongful Death Claims Substantive] (the "Objection")[1]. This Motion and the Objection were brought for the purpose of objecting to the Claimants' claims by the deadline for filing such objections.

3.     As the Claims are for personal injury or wrongful death, in accordance with 28 U.S.C. § 157(b)(5) and Local Rule 3007-1(f)(iv), the Debtor seeks by this Motion to withdraw determination of the Claims to the District Court.

## II. Background

4.     On September 14, 2003 (the "Petition Date"), the Debtor filed its voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

5.     By Order dated October 10, 2003, the Bankruptcy Court established January 15, 2004 at 5:00 p.m. (Pacific Time) (the "Bar Date") as the deadline for creditors to file proofs of claim for each claim they assert against the Debtor that arose before the Petition Date. Notice of the Bar Date was mailed to all known creditors of the Debtor and published in numerous regional and national newspapers. To date, approximately 1,100 proofs of claim have been filed against the Debtor in this case.

---

[1]     This Motion and the Objection were previously filed on January 31, 2005 in a single pleading. The Clerk of the Bankruptcy Court requested that the Debtor re-file the Objection and Motion as separate pleadings on the docket which would be back dated to January 31, 2005.

6. The Plan provides in pertinent part:

> Unless otherwise ordered by the Bankruptcy Court, all objections to the allowance of Administrative Claims, Claims or Equity Interests that are the subject of proofs of claim or requests for payment filed with the Bankruptcy Court (other than applications for allowances of compensation and reimbursement of expenses), shall be filed and served upon the holder of the Administrative Claim, Claim or Equity Interest as to which the objection is made as soon as is practicable, but in no event later than ninety (90) days after the Effective Date or such later date as may be approved by the Bankruptcy Court.

Plan, § 7.4. The Debtor brought the Objection and this Motion in order to comply with the deadline for objecting to claims (the "Claims Objection Deadline") specified in the Plan.

7. In accordance with Section 7.4 of the Plan and the Confirmation Order, the Debtor is authorized to bring this Motion and the Objection.

8. The Debtor is a publicly traded Delaware corporation which was incorporated in 1923. The Debtor and its direct and indirect subsidiaries comprise one of the largest providers of electricity and natural gas in the upper Midwest and Northwest regions of the United States, serving approximately 598,000 customers throughout Montana, South Dakota and Nebraska.

9. As will be discussed further below, the Bankruptcy Court does not have jurisdiction to try personal injury and wrongful death claims. *See* 28 U.S.C § 157(b)(5). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. Consideration of this Motion is a non-core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B). The statutory predicates for the relief sought herein are 28 U.S.C § 157(b)(5) and Local Rule 3007-1(f)(iv).

### III. The Personal Injury and Wrongful Death Claims

#### A. Douglas Nelson and Shila Fisher Claim (Claim no. 512)

10. Douglas Nelson and Shila Fisher (collectively, the "Nelson Claimants") filed a proof of claim with Kurtzman Carson LLC, the official claims agent in the Debtor's Chapter 11

3

case (the "Claims Agent") on January 7, 2004, that was recorded as claim number 512 ("Claim 512"). A copy of Claim 512 is attached hereto as <u>Exhibit A</u>. Claim 512 asserts an unsecured, non-priority contingent and unliquidated claim in the amount of $2,770,000 against the Debtor. Attached to Claim 512 is copy of a complaint filed by the Nelson Claimants in the action styled as *Douglas Nelson and Shila Fisher vs. Jim Blankenship Construction, Inc., et al.* pending in Montana Second Judicial Court, Silver Bow County (Cause No. DV-03-70). The gravamen of the complaint is that Nelson Fisher was injured during an explosion of natural gas in the basement of his house that resulted from damage to a natural gas pipe by a multi-ton vehicle being used at an adjacent excavation site by Jim Blankenship Construction Inc. ("Blankenship").

11. The Debtor objected to Claim 512 pursuant to Section 502(b) of the Bankruptcy Code on the grounds that it does not have liability to the Nelson Claimants under applicable law and that any injury suffered by Mr. Nelson was not caused by or the fault of the Debtor because the Debtor had no knowledge that Blankenship was in the vicinity of the gas pipe which was broken and had absolutely no control whatsoever over the work being performed by Blankenship, that without the intervening actions of Blankenship no natural gas would have been present in Mr. Fisher's basement to cause his injuries, and that if any liability or duty was owed to Mr. Fisher, it was owed by parties other than the Debtor. The Debtor seeks to have Claim 512 determined by the District Court.

**B.    Roger Rohr and Carol Rohr (Claim no. 793)**

12. Roger Rohr and Carol Rohr (collectively, the "Rohrs") filed a proof of claim with the Claims Agent on January 15, 2004 that was recorded as claim number 793 ("Claim 793"). A copy of Claim 793 is attached hereto as <u>Exhibit B</u>. Claim 793 asserts an unsecured, nonpriority contingent and unliquidated claim in an unspecified amount against the Debtor. Attached to Claim 793 is a Response to Request for Statement of Damages (the "Statement of Damages")

that specifies certain damages asserted by the Rohrs. The sum of the damages listed on the Statement of Damages is in excess of $11 million. A copy of a complaint filed by the Rohrs in the action styled as *Roger Rohr and Carol Rohr v. NorthWestern Energy, L.L.C.* pending in Montana Second Judicial Court, Silver Bow County (Cause No. DV-02-283) is also attached to Claim 793. The gravamen of the complaint is that Roger Rohr was injured as a result of contact with electric lines during roofing work on a cabin and that as a result the Debtor is liable for Mr. Rohr's injuries based on claims for negligence.

13.   On January 21, 2004, the Rohrs filed their Motion for Withdrawal of Reference and Transfer to the United States District Court in the Judicial District of Montana, Butte Division (Docket Nos. 724, 725) (the "Rohrs' Motion"). Pursuant to an opinion and order of the Honorable Joseph J. Farnan of the District Court dated April 29, 2004, the Rohrs' Motion was granted and reference to the Bankruptcy Court was withdrawn pursuant to 28 U.S.C. § 157(d) and the matter was transferred to the United States District Court for the District of Montana, Butte Division.[2]

14.   Although the Rohrs' Motion has been granted, Claim 793 has not been resolved as of the Claims Objection Deadline. The Debtor objected to Claim 793 under compulsion of the Claims Objection Deadline. The Debtor seeks to have the objection to Claim 793 transferred to the United States District Court for the District of Montana, Butte Division for purposes of fixing and liquidating the claim.

15.   The Debtor objected to Claim 793 pursuant to Section 502(b) of the Bankruptcy Code on the grounds that it does not have liability to the Rohrs under applicable law and that any injury suffered by Mr. Rohr was not caused by or the fault of the Debtor, that Mr. Rohr and his

---

[2] *See In re NorthWestern Corporation*, 2004 U.S. Dist. LEXIS 7702 (Apr. 29, 2004 D. Del. 2004)(Farnan, J.).

co-workers discussed the overhead power line prior to doing any work on the building and specifically discussed that they should control the metal roofing to avoid any contact with the power line, that they also knew that the power line was energized because they were using the power to electrify the building and tools, that all control over the contact with the Debtor's overhead power line was that of Mr. Rohr and his co-workers and the Debtor had no personnel present during the re-roofing of the building, that after discussing the power line and the metal roofing, Mr. Rohr made the decision to work on the roof without contacting the Debtor to assure that the site was safe, that the subject overhead power line had been located above the building and in the same vicinity for in excess of 30 years without any reported problem whatsoever, and that if any liability or duty was owed to Mr. Rohr, it was owed by parties other than the Debtor, including himself.

C.  **Estate of Orval Meyer (Claim no. 944)**

16. The Estate of Orval Meyer (the "Meyer Estate") filed a proof of claim with the Claims Agent on January 15, 2004 that was recorded as claim number 944 ("Claim 944"). A copy of Claim 944 is attached hereto as <u>Exhibit C</u>. Claim 944 asserts an unsecured, nonpriority contingent and unliquidated claim in an unspecified amount against the Debtor. Attached to Claim 944 is a statement regarding the basis of the claim that states that the amount of the claim is $5 million. A copy of a complaint filed by the Meyer Estate in the action styled as *Rebeca Meyer, as Personal Representative of the Estate of Orval Meyer, deceased v. The Montana Power Company, L.L.C., et al.* pending in Montana Second Judicial Court, Silver Bow County (Cause No. DV-02-172) is also attached to Claim 944. The gravamen of the complaint is that Orval Meyer was killed as a result of a gas explosion that occurred at a bus garage subsequent to a bus striking an overhead gas heater or pipeline creating a gas leak and that the Debtor is liable to the Meyer Estate based on claims for negligence.

17. On March 1, 2004, the Meyer Estate filed its Motion for Withdrawal of Reference and Transfer to the United States District Court in the Judicial District of Montana (Docket No. 911) (the "Meyer Estate Motion"). Pursuant to an opinion and order of the Honorable Joseph J. Farnan of the District Court dated April 29, 2004, the Meyer Motion was granted and reference to the Bankruptcy Court was withdrawn pursuant to 28 U.S.C. § 157(d) and the matter was transferred to the United States District Court for the District of Montana, Butte Division.[3]

18. Although the Meyer Estate Motion has been granted, Claim 944 has not been resolved as of the Claims Objection Deadline. The Debtor objected to Claim 944 under compulsion of the Claims Objection Deadline. The Debtor seeks to have the objection to Claim 944 transferred to the United States District Court for the District of Montana, Butte Division for purposes of fixing and liquidating the claim.

19. The Debtor objected to Claim 944 pursuant to Section 502(b) of the Bankruptcy Code on the grounds that it does not have liability to the Meyer Estate under applicable law and that the cause of Mr. Meyer's injuries and death was not the Debtor, that the Debtor's sole involvement with the overhead heater or bus garage was to supply natural gas to the meter on the bus garage's exterior wall, that the installation and maintenance of the overhead heater and all piping to the overhead heater from the exterior wall meter was done by parties other than the Debtor, that by state tariffs filed with the Montana Public Service Commission the Debtor's liability ends at the meter, and that the subject overhead heater was present in the bus garage for over 20 years and the Debtor had never received any notice whatsoever that it was even possible for a bus to come in to contact with the heater, and finally that if duties were owed to Mr. Meyer it was by parties other than the Debtor.

---

[3] *See In re NorthWestern Corporation*, 2004 U.S. Dist. LEXIS 7701 (Apr. 29, 2004 D. Del. 2004)(Farnan, J.).

D. **Kenneth Kovack as Personal Representative for the Estate of Donald Kovack and Diana Kovack (Claim no. 1082)**

20. The Estate of Donald Kovack and Diana Kovack (the "Kovack Estate") filed a proof of claim with the Claims Agent on August 27, 2004 that was recorded as claim number 1082 ("Claim 1082"). A copy of Claim 1082 is attached hereto as <u>Exhibit D</u>. Claim 1082 asserts an unsecured, nonpriority contingent and unliquidated claim in the amount of $7,200,000 against the Debtor. There is no statement attached to Claim 1082 setting forth the basis of the claim, nor is there a copy of the complaint in the underlying state court action. There is a reference in the attachment to Claim 1082 that identifies the underlying state court action as *Kenneth Kovack as Personal Representative for the Estate of Donald Kovack, Francine Kovack and Diana Kovack (Colton) v. Northwestern Energy f/k/a Montana Power Company* pending in Montana Eighth Judicial Court, Cascade County (Cause No. BDV-98-430) (the "Kovack State Court Action"). The Debtor has learned that the claim arose as the result of an accident involving a crane on a dam on the Missouri river owned by The Montana Power Company ("MPC").

21. The attachment further indicates that "The claims of Plaintiffs were tried before a jury in the Montana Eighth Judicial District Court. . . . The verdict rendered was a defense verdict." The Kovack Estate has appealed the verdict to the Supreme Court of the State of Montana, which issued an order (copy attached to Claim 1082) staying further proceeding on the appeal.

22. Also attached to Claim 1082 is a copy of an order entered in the Kovack State Court Action that indicated that "Plaintiffs' Motion to Amend Name of Defendant to Touch America Holdings, Inc. f/k/a Montana Power Company is Granted."

8

23. The Debtor objected to Claim 1082 on the grounds that it was late filed by the Kovack Estate ten (10) months after the Bar Date and that the Kovack Estate had sufficient notice of the Bar Date to timely file a proof of claim.

24. In addition, the Debtor objected to Claim 1082 pursuant to Section 502(b) of the Bankruptcy Code on the grounds that it does not have liability to the Kovack Estate because any claims of the Kovack Estate are claims against Touch America Holdings, Inc. ("Touch America") or PP&L Montana, a subsidiary of PP&L Global ("PP&L"). MPC's dam on the Missouri river (the "MPC Dam") was sold to PP&L in a transaction prior to the Debtor's transaction with Touch America and MPC (discussed below).

25. The MPC Dam was not acquired by the Debtor as part of the Unit Purchase Agreement (the "UPA"), dated September 29, 2000, that the Debtor entered into with Touch America and MPC, whereby the Debtor agreed to purchase substantially all of MPC's electric and natural gas utility assets (the "Montana Assets"). To facilitate the sale of the Montana Assets to the Debtor, MPC had created a subsidiary, The Montana Power L.L.C. ("MP-LLC") and transferred the Montana Assets to MP-LLC. On February 15, 2002, the Debtor's completed its acquisition of MP-LLC. As a result of the acquisition, MP-LLC became a wholly-owned subsidiary of the Debtor.

26. Claim 1082 is a claim for which Touch America is liable that the Debtor did not assume under the UPA. Pursuant to an indemnity agreement between the Debtor and Touch America in connection with the UPA, Touch America has defended the Debtor in the Kovack State Court Action.

27. Claim 1082 on its face fails to establish the basis of the Kovack Estate's claims against the Debtor and lacks supporting documentation of any sort substantiating the basis of the

claim against the Debtor. Claim 1082 is a claim that the Kovack Estate should have -- and in fact, did -- bring against Touch America Holdings. Attached hereto as <u>Exhibit E</u> is an excerpt from the Register of Proof of Claims filed in the *Touch America Holdings, Inc. et al.* Chapter 11 case pending in the United States Bankruptcy Court for the District of Delaware (Case No. 03-11915) (the "Touch America Claims Register"). The Touch America Claims Register indicates that that the Kovack Estate filed a proof of claim on May 13, 2003 in the amount of $7,200,000 against Touch America (the "Kovack Touch America Claim"). The Kovack Touch America Claim appears to be identical to Claim 1082. Claim 1082 should be disallowed in its entirety and expunged as the Kovack Estate has failed to establish the basis of such claim against the Debtor.

## Legal Argument

28. The jurisdiction of the Bankruptcy Court is limited with respect to liquidation or estimation of personal injury or wrongful death claims. Core proceedings that can be heard by a bankruptcy judge do not include "the liquidation or estimation of contingent or unliquidated personal injury tort or wrongful death claims against the estate for purposes of distribution under title 11." 28 U.S.C. § 157(b)(2)(B). Personal injury and wrongful death claims are to be determined by the District Court:

> The district court shall order that personal injury tort and wrongful death claims shall be tried in the district court in which the bankruptcy case in pending, or in the district court in the district in which the claim arose, as determined by the district court in which the bankruptcy case is pending.

28 U.S.C. § 157(b)(5).

29. Local Bankruptcy Rule 3007-1(f)(iv) provides that, "the [Delaware Bankruptcy] Court will not consider any substantive Objection to personal injury or wrongful death claims that would be in violation of 28 U.S.C. § 157(b)(2)(B)." Some courts have reasoned that where an objection is to the validity of a claim, rather than its amount, the bankruptcy court has

jurisdiction to entertain the objection. See, e.g., *In re UAL Corp.*, 310 B.R. 373, 380 (Bankr. N.D. Ill. 2004) (determining that it had jurisdiction to consider objection to personal injury claim and denying claim); *In re Dow Corning Corp*, 215 B.R. 346 (Bankr. E.D. Mich. 1997) (bankruptcy court found it had jurisdiction to consider a summary judgment motion asserting that a personal injury claim against a bankruptcy estate was legally unenforceable); *In re U.S. Lines, Inc.*, 262 B.R. 223, 233 (S.D.N.Y. 2001) ("Whether application of statute of limitation and like defenses by a Bankruptcy Court is . . . a liquidation [within the meaning of U.S.C. § 157(b)(2)(B)] has been answered in the negative in this jurisdiction . . ."); *see also, In re Chateaugay Corp.*, 111 B.R. 67 (Bankr. S.D.N.Y. 1990), *aff'd*, 146 B.R. 339 (S.D.N.Y. 1992); *cf., Pettibone Corp. v. Easley*, 935 F.2d 120, 123-24 (7th Cir. 1991) (bankruptcy court lacks jurisdiction to resolve statute of limitations defenses in personal injury suits against Chapter 11 debtor); *In re Schepps Food Stores, Inc.*, 169 B.R. 374, 377 (Bankr. S.D.Tex. 1994) (decisions on limitations defenses not core proceedings); *In re Metzner*, 233 B.R. 919, 921 (E.D. La. 1999) (denying bankruptcy court jurisdiction over state law limitations objection to medical malpractice claim filed against debtor-physician estate).

30.  In view of Local Bankruptcy Rule 3007-1(f)(iv) and in an abundance of caution in view of the unsettled nature of the bankruptcy court's jurisdiction to decide the Objection that would results in disallowance of personal injury and wrongful death claims, the Debtor has brought this Motion.

### IV.  Relief Requested

31.  The Debtor seeks withdrawal of the reference to the District Court pursuant to 28 U.S.C. § 157(b)(5) for its Objection to each of claim numbers 512, 793, 944 and 1082 on the grounds that the Claims are for personal injury or wrongful death.

32. As the District Court has already granted motions to withdraw the reference to the Estate of Orval Meyer (Claim 944) and Roger Rohr and Carol Rohr (Claim 793), the Debtor seeks an order transferring the objection to Claim 944 and Claim 793 to the United States District Court for the District of Montana to be liquidated.

## V. Reservation of Rights

33. The Debtor reserves the right to amend, modify or supplement this Motion and to object further to each of the Claims on any and all additional factual or legal grounds, including if any such claim is not disallowed as requested in the Objection or if additional information regarding the disallowance of such claims is discovered upon further review thereof or through discovery pursuant to the applicable provisions of the Bankruptcy Rules.

34. The Debtor additionally reserves the right to assert avoidance actions under Bankruptcy Code Sections 544 through 553, against any of the Claimants.

## VI. Notice and Lack of Prior Application

35. Notice of this Objection has been provided to: (i) the Office of the United States Trustee, (ii) counsel for the Debtor's Pre-Petition Lenders, (iii) counsel for the Debtor's Post-Petition Lenders, (iv) counsel for the Plan Committee, (v) the Securities and Exchange Commission, (vi) the Federal Energy Regulatory Commission, (vii) the Montana Public Service Commission, (viii) the South Dakota Public Utilities Commission, (ix) the Nebraska Public Service Commission, (x) and each of Douglas Nelson and Shila Fisher, Roger Rohr and Carol Rohr, the Estate of Orval Meyer, Kenneth Kovack as Personal Representative for the Estate of Donald Kovack and Diana Kovack, or their counsel, and (xi) all parties that have requested special notice in this Chapter 11 case pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Debtor submits that no other or further notice is required.

## VII. <u>Conclusion</u>

36.   Based on the foregoing, the Debtor respectfully requests that this Court enter an Order, in the form submitted herewith: (i) granting this Motion; and (ii) granting such other and further relief as this Court deems just and proper.

Dated: January 31, 2005

                                  NORTHWESTERN CORPORATION

                                  By its attorneys,

                                  GREENBERG TRAURIG, LLP N

By:   /s/ William E. Chipman
 Scott D. Cousins (No. 3079)
William E. Chipman, Jr. (No. 3818)
The Brandywine Building
1000 West Street, Suite 1540
Wilmington, DE 19801
(302) 661-7000 (telephone)

             - and -

Jesse H. Austin, III, Esquire
Karol K. Denniston, Esquire
PAUL, HASTINGS, JANOFSKY
& WALKER LLP
600 Peachtree Street, N.E., 24th Floor
Atlanta, GA 30308
(404) 815-2400 (telephone)