# <u>Exhibit B</u>

FORM B10 (Official Form 10) (4/98)

# # 793

| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF DELAWARE | PROOF OF CLAIM |
|---|---|

| Name of Debtor<br>NORTHWESTERN CORPORATION | Case Number<br>03-12872 CGC | |
|---|---|---|

**NOTE:** This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503

| Name of Creditor (The person or other entity to whom the debtor owes money or property):<br>**ROGER ROHR AND CAROL ROHR**<br>Name and Address where notices should be sent:<br>**MOULTON, BELLINGHAM, LONGO & MATHER, P.C.**<br>**Suite 1900, Sheraton Plaza, P. O. Box 2559**<br>**Billings, MT 59103-2559**<br>Telephone Number: (406) 248-7731 | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.<br>☐ Check box if you have never received any notices from the bankruptcy court in this case.<br>☐ Check box if the address differs from the address on the envelope sent to you by the court. | THIS SPACE IS FOR COURT USE ONLY |
|---|---|---|

| Account or other number by which creditor identifies debtor: | Check here if ☐ replaces<br>this claim: ☐ amends    a previously filed claim, dated:_____ |
|---|---|

**1. Basis for Claim:**
- ☐ Goods sold
- ☐ Services performed
  Money loaned
- ☒ Personal injury/wrongful death
- ☐ Taxes
- ☐ Other _____

- ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
- ☐ Wages, salaries, and compensation (fill out below)
  Your SS #: _____
  Unpaid compensations for services performed
  from _____ to _____
  (date)                    (date)

| 2. Date debt was incurred:<br>See attached Page 2 | 3. If court judgment, date obtained: |
|---|---|

**4. Total Amount of Claim at Time Case Filed:**          $ See attached Response to Request for Statement of Damages
If all or part of your claim is secured or entitled to priority, also complete Item 5 or 6 below.
☐    Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**5. Secured Claim.**
☐ Check this box if your claim is secured by collateral (including a right of setoff).
  Brief Description of Collateral:
  ☐ Real Estate  ☐ Motor Vehicle
    ☐ Other_____

  Value of Collateral:    $_____

  Amount of arrearage and other charges <u>at time case filed</u> included in secured claim, if any: $_____

**6. Unsecured Priority Claim.**
☐ Check this box if you have an unsecured priority claim
  Amount entitled to priority $_____
  Specify the priority of the claim:
☐ Wages, salaries, or commissions (up to $4,300),* earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3).
☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(4).
☐ Up to $1,950* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6).
☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. §507 (a)(7)
☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
☐ Other - Specify applicable paragraph of 11 U.S.C. § 507 (a) (___).

*Amounts are subject to adjustment on 4/1/01 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

| 7. Credits:    The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.<br>8. Supporting Documents: *Attach copies of supporting documents,* such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.<br>9. Date-Stamped Copy: To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim. | THIS SPACE IS FOR COURT USE ONLY<br><br>**RECEIVED**<br><br>JAN 1 5 2004<br><br>KURTZMAN CARSON |
|---|---|
| Date          Sign and print the name and title, if any, of the creditor or other person authorized to file this claim,(attach copy of power of attorney, if any):<br> | |

**Penalty for presenting fraudulent claim:** Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

216053726 10809

0312872040115000000000071

PAGE 2

**BASIS OF ROGER AND CAROL ROHR'S CLAIM**

On or about June 22, 2002 Roger Rohr was working on a roof of a cabin located approximately two miles south of Red Lodge, Montana when he was seriously injured. While on the roof, Roger came into contact with an electrical power line and was knocked from the roof, rendered unconscious and received severe electrical burns. Roger Rohr and Carol Rohr (hereinafter "Creditors"), filed a Complaint in the Montana Second Judicial District Court, Silverbow County on or about November 6, 2002 (*Rohr v. Northwestern Energy, LLC* , Cause No. DV-02-283) (copy of Complaint attached hereto). The Complaint is based on a personal injury tort claim against Northwestern Energy, LLC, a wholly owned subsidiary of Northwestern Corporation. The amount of Creditors' claim is stated in the Response to Request for Statement of Damages attached hereto.

In the Complaint, Plaintiffs demand a trial by jury in accordance with their 7th Amendment rights under the United States Constitution. Pursuant to 28 U.S.C.A. §157(b)(5), 28 U.S.C.A. §(b)(2)(B) and 28 U.S.C.A. §1411 Plaintiffs Roger Rohr and Carol Rohr explicitly reserve the right to a jury trial.

**BY FILING THIS PROOF OF CLAIM CREDITORS ARE NOT SUBMITTING TO THE JURISDICTION OF THE BANKRUPTCY COURTS AND EXPRESSLY RESERVE THEIR RIGHT TO A JURY TRIAL**

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify under penalty of perjury that on the _14th_ day of January, 2004, a copy of the within and foregoing document was mailed, postage prepaid, at Billings, Montana, and directed to the following:

| W. Wayne Harper, Senior Counsel<br>Northwestern Energy<br>40 East Broadway<br>Butte, Montana 59701 | Jesse H. Austin, III, Esq.<br>Karol K. Denniston, Esq.<br>Paul, Hastings, Janofsky & Walker, LLP<br>600 Peachtree Street, NE 24th Floor<br>Atlanta, George 30308 |
| --- | --- |
| Scott D. Cousins<br>Greenberg Traurig LLP<br>Brandywine Building<br>1000 West Street, Suite 1540<br>Wilmington, DE 19801 | North Western Corporation<br>Claims Processing<br>c/o Kurtzman Carson Consultants, LLC<br>5301 Beethoven Street, Ste 102<br>Los Angeles, CA 90066 |

Brent R. Cromley
MOULTON, BELLINGHAM, LONGO
& MATHER, P.C.
Suite 1900, Sheraton Plaza
P. O. Box 2559
Billings, Montana 59103-2559
Telephone (406) 248-7731

Attorneys for Plaintiffs

COPY

FILED

NOV 0 6 2002

LORI MALONEY CLERK

By_____
Deputy Clerk

SUMMONS ISSUED

MONTANA SECOND JUDICIAL DISTRICT COURT, SILVER BOW COUNTY

ROGER ROHR and CAROL ROHR,

Plaintiffs,

-vs-

NORTHWESTERN ENERGY, L.L.C.,

Defendant.

Cause No. DV-02-283
Judge KURT KRUEGER
Judge, Dept. 1

**COMES NOW**, Plaintiffs Roger and Carol Rohr, by and through their counsel of record, and allege as follows:

### PARTIES

1.      Roger and Carol Rohr are individuals who, at all relevant times, have resided in Yellowstone County, Montana, and are husband and wife.

2.      Northwestern Energy, L.L.C. ("Defendant") is a business entity incorporated in the State of Montana with its principal place of business located in Silver Bow County, Montana, is the successor in interest to Montana Power Company, and acts through its agents and employees.

### GENERAL ALLEGATIONS

3.      On or about June 22, 2002, Roger Rohr ("Roger") was working on the roof of a cabin located in Carbon County, approximately two miles south of Red Lodge, Montana.

1    4.    While on the cabin, Roger and another individual were handling sheets of

2    metal roofing material. After being handed a sheet of the roofing material, Roger attempted

3    to transport the metal sheet to an area of the roof where he was working. While he was

4    carrying the roofing material, the metal sheet contacted an overhead power line (subject

5    power line). As a result of the contact, Roger was rendered unconscious, received electrical

6    burns, fell from the roof onto his back, and received other serious injuries.

7    5.    Based on information and belief, Defendant is the owner and operator of the

8    subject power line, and constructed and maintained the subject power line.

9    6.    The subject power line, at all relevant times, ran in a diagonal direction,

10   directly above the roof of the cabin, and was strung less than five feet above the peak of the

11   cabin. A clear view of the subject power line was obscured by tree branches and by virtue

12   of the fact that other, low voltage lines were strung in the same vicinity and bore heavy

13   insulation. The subject power line, upon information and belief, was uninsulated and carried

14   approximately 7,200 volts of electricity.

15   7.    Upon information and belief, Defendant knew, or should have known, that it

16   was constructing the subject power line in close proximity to the cabin and in an area where

17   persons would be performing maintenance work on the cabin.

18   8.    Defendant knew, or should have known, that the cabin was located

19   underneath its wires, that the cabin needed periodic maintenance, and that it was

20   reasonably foreseeable that a person would come into contact with the subject power line.

21   9.    Defendant negligently and recklessly failed to warn or notify the Plaintiffs of

22   the presence of high voltage wires.

23   10.    Defendant negligently and recklessly failed to insulate the subject power line

24   near the cabin by means other than airspace.

25

2

11.     Based on information and belief, the subject power line was in violation of provisions of the National Electrical Safety Code (NESC).

12.     Based on information and belief, the subject power line has remained in the same condition for a substantial period of time, extending at least twenty-five (25) years.

13.     Defendant failed to adequately inspect, maintain or remedy the subject power line in order to ensure it was in conformance with the NESC, or to ensure it did not pose a risk of danger.

### CAUSES OF ACTION

### FIRST CAUSE OF ACTION - NEGLIGENCE

14.     Plaintiffs Roger and Carol Rohr re-allege and incorporate into this First Cause of Action paragraphs 1 through 13 of this Complaint and further allege:

15.     Defendant, as owner and operator of the subject power line, owed Roger and Carol Rohr a duty to safely construct and routinely inspect and maintain the power lines under their control.

16.     Defendant breached this duty by failing to safely construct and routinely inspect and maintain the subject power line.

17.     The acts and omissions of Defendant were a direct and proximate cause of Plaintiff's injuries.

18.     As a direct and proximate result of the negligence of Defendant, Plaintiffs have suffered damages. These damages include, but are not limited to, severe personal injury, serious emotional distress, significant medical expenses, loss of earnings and a loss of earning capacity in the future.

### SECOND CAUSE OF ACTION - NEGLIGENCE PER SE

19.     Plaintiffs Roger and Carol Rohr re-allege and incorporate into this Second Cause of Action paragraphs 1 through 18 of this Complaint and further allege:

3

20.    Based on information and belief, the location of the subject power line in relation to the cabin violated numerous standards of the NESC.

21.    Based on information and belief, Defendant violated numerous standards of the NESC pertaining to routine maintenance and inspection of electrical power lines.

22.    Defendant, as owner and operator of the subject power line, owed Plaintiffs a duty to routinely inspect and maintain the power lines under their control so as to ensure they were in compliance with the standards set forth in the NESC.

23.    Defendant breached this duty by failing to properly install, inspect, maintain and remedy the danger posed by the nonconforming subject power line.

24.    The NESC maintenance and design standards are intended to protect the public. As such, violations of the maintenance and design standards contained in the NESC amount to negligence per se.

25.    As a direct and proximate result of Defendant's failure to ensure the subject power line was in conformance with applicable NESC standards, Plaintiffs have experienced physical and emotional injury.

## THIRD CAUSE OF ACTION -

## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

26.    Plaintiffs Roger and Carol Rohr re-allege and incorporate into this Third Cause of Action paragraphs 1 through 25 of this Complaint and further allege:

27.    Plaintiffs have suffered and continue to suffer, severe emotional distress due to the Defendant's negligent conduct.

28.    The severe emotional distress suffered by Plaintiffs is a reasonably foreseeable consequence of the Defendant's negligent acts and/or omissions.

4

## FOURTH CAUSE OF ACTION - LOSS OF CONSORTIUM

29.    Plaintiffs Roger and Carol Rohr re-allege and incorporate into this Fourth Cause of Action paragraphs 1 through 25 of this Complaint and further allege:

30.    Roger and Carol Rohr ("Carol") were legally married as husband and wife. As husband and wife, they contracted towards each other the obligations of mutual respect, fidelity, and support.

31.    Prior to June 22, 2002, the date of Roger's electrocution and resulting injuries, Roger and Carol enjoyed a happy and healthy marriage.

32.    Carol's spouse, Roger, was injured as a result of Defendant's negligence. Specifically, Defendant failed to properly install, inspect, maintain and remedy the danger posed by the nonconforming subject power line.

33.    As a result of Defendant's negligent conduct, Carol has sustained a loss or impairment of the marital relationship with Roger, including her legal right to the aid, protection, affection and society of her husband.

## PUNITIVE DAMAGES

34.    Defendant had knowledge of facts or intentionally disregarded facts creating a high probability of injury to Plaintiffs.

35.    Defendant deliberately proceeded to act in conscious or intentional disregard of the high probability of injury to Plaintiffs.

36.    Defendant deliberately proceeded to act with indifference to the high probability of injury to Plaintiffs.

37.    As a result of Defendant's actions, Plaintiffs are entitled to punitive damages for the sake of example and for the purpose of punishing the Defendant.

5

1    **WHEREFORE**, Plaintiffs pray for judgment against the Defendant in amounts

2    sufficient to compensate them for their damages occasioned as a result of Roger's electrical

3    injury including, but not limited to, the following:

4        1.    Past and future medical expenses;

5        2.    Past and future wage loss and/or diminution in earning capacity;

6        3.    Monetary damages sufficient to compensate them for loss of established

7    course of life, emotional distress and pain and suffering;

8        4.    Loss of consortium damages in an amount sufficient to compensate Carol for

9    the impairment this accident has caused to occur in her marriage relationship;

10       5.    Punitive damages in an amount sufficient to deter and punish Defendant; and

11       6.    For such further relief as this Court deems just and proper.

12   **PLAINTIFFS DEMAND TRIAL BY JURY**

13   **DATED** this 4th day of November, 2002.

14   MOULTON, BELLINGHAM, LONGO
     & MATHER, P.C.

15

16

17   By:_____
     BRENT R. CROMLEY

18   Suite 1900, Sheraton Plaza
     P.O. Box 2559

19   Billings, MT 59103-2559

20   ATTORNEYS FOR PLAINTIFFS

21

22

23

24

25

6

COPY

1   Brent R. Cromley
    MOULTON, BELLINGHAM, LONGO
2     & MATHER, P.C.
    Suite 1900, Sheraton Plaza
3   P. O. Box 2559
    Billings, Montana 59103-2559
4   Telephone (406) 248-7731

5     Attorneys for Plaintiffs

6

7

8     MONTANA SECOND JUDICIAL DISTRICT COURT, SILVER BOW COUNTY

9   ROGER ROHR and CAROL ROHR,          |    Cause No. DV -02-283
                                        |    Judge: Kurt Krueger
10                          Plaintiffs, |         Dept. 1
                                        |
11          -vs-                        |    RESPONSE TO REQUEST FOR
                                        |    STATEMENT OF DAMAGES
12  NORTHWESTERN ENERGY, L.L.C.,        |
                                        |
13                          Defendant.  |

14        COMES NOW, Plaintiffs, and respond to Defendant's Request for Statement of

15  Damages as follows:

16

17
      Past medial expense:              $220,000 (approximate)
18
      Future medical expense:           Unknown, and not yet determined
19
      Past wage loss:                   Unknown, and not yet determined
20
      Loss of consortium:               $1,000,000
21
      Future wage loss, financial loss
22    and impairment of earning capacity:   Unknown, and not yet determined

23    Past physical pain and suffering
      on the part of  Roger Rohr:       $2,000,000
24
      Future pain and suffering, and
25    capacity to enjoy life, on the
      part of Roger Rohr:               $4,000,000

MOULTON, BELLINGHAM, LONGO & MATHER, P.C.

| | |
|---|---|
| Past and future mental anguish, including mental suffering and emotional distress on the part of Roger Rohr: | $3,000,000 |
| Past and future mental anguish, including mental suffering and emotional distress on the part of Carol Rohr: | $1,000,000 |
| Punitive damages: | In an amount to be determined by the Jury |

DATED this _12th_ day of August, 2003.

MOULTON, BELLINGHAM, LONGO
& MATHER, P.C.

By:_____
BRENT R. CROMLEY
Suite 1900, Sheraton Plaza
P.O. Box 2559
Billings, MT 59103-2559

ATTORNEYS FOR PLAINTIFFS

<u>CERTIFICATE OF SERVICE</u>

The undersigned does certify that a true and correct copy of the foregoing was duly served by United States mail, postage prepaid, this _13th_ of August, 2003, upon the following person:

W. Wayne Harper
40 East Broadway Street
Butte, Montana 59701

MOULTON, BELLINGHAM, LONGO
& MATHER, P.C.

By _____
Brent R. Cromley

2