# **Exhibit C**

# 944

FORM B10 (Official Form 10) (4/98)

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

**PROOF OF CLAIM**

| Name of Debtor | Case Number |
|---|---|
| NORTHWESTERN ENERGY, LLC | 03-12872 |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

Name of Creditor (The person or other entity to whom the debtor owes money or property):
Estate of Orval Meyer

Name and Address where notices should be sent:
James P Harrington, PC
Attorney at Law
2400 Lexington
Butte, MT 59701

Telephone Number: (406) 494-2626

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.
☐ Check box if you have never received any notices from the bankruptcy court in this case.
☐ Check box if the address differs from the address on the envelope sent to you by the court.

RECEIVED
JAN 1 5 2004
KURTZMAN CARSON

THIS SPACE IS FOR COURT USE ONLY

Account or other number by which creditor identifies debtor:

Check here if this claim: ☐ replaces ☐ amends a previously filed claim, dated: _____

**1. Basis for Claim:**
☐ Goods sold
☐ Services performed
☐ Money loaned
☒ Personal injury/wrongful death
☐ Taxes
☐ Other _____

☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
☐ Wages, salaries, and compensation (fill out below)
Your SS #: _____
Unpaid compensations for services performed
from _____ to _____
(date)   (date)

**2. Date debt was incurred:** See attached Page 2

**3. If court judgment, date obtained:**

**4. Total Amount of Claim at Time Case Filed:** $ See attached Response to Request for Statement of Damages

If all or part of your claim is secured or entitled to priority, also complete Item 5 or 6 below.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**5. Secured Claim.**
☐ Check this box if your claim is secured by collateral (including a right of setoff).
Brief Description of Collateral:
☐ Real Estate ☐ Motor Vehicle
☐ Other _____
Value of Collateral: $ _____
Amount of arrearage and other charges at time case filed included in secured claim, if any: $ _____

**6. Unsecured Priority Claim.**
☐ Check this box if you have an unsecured priority claim
Amount entitled to priority $ _____
Specify the priority of the claim:
☐ Wages, salaries, or commissions (up to $4,300),* earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3).
☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(4).
☐ Up to $1,950* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6).
☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. §507 (a)(7)
☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
☐ Other - Specify applicable paragraph of 11 U.S.C. § 507 (a) (___).

*Amounts are subject to adjustment on 4/1/01 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

THIS SPACE IS FOR COURT USE ONLY

**7. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

**8. Supporting Documents:** Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

**9. Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

| Date | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any): |
|---|---|
| 1-12-04 | [signature] Attorney for Estate of Orval Meyer |

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

216053728 10809


0312872040113000000000109

PAGE 2

### BASIS OF ESTATE OF ORVAL MEYERS' CLAIM

On or about July 14, 1999 Orval Meyer was working at a Dial-A-Ride garage in Helena, Montana when he sustained fatal injuries. A bus had struck a gas heater or attached pipelines allowing gas to escape into the garage. Orval Meyer activated a switch to raise the garage doors and was engulfed in a blast of fire from the exploding gas. The Estate of Orval Meyer (Creditor) filed a complaint in the Montana Second Judicial District Court, Silverbow County, Cause No. DV-02-172 (a copy of the complaint is attached hereto). The complaint is based upon a personal injury and wrongful death tort claim against Northwestern Energy, LLC. A wholly owned subsidiary of Northwestern Corporation. The total amount claimed is $5,000,000. This is for damages for personal injuries and wrongful death, the precise amount of which has not yet been proven.

In the Complaint, Plaintiffs demand a trial by jury in accordance with their 7th Amendment rights under the United States Constitution. Pursuant to 28 U.S.C.A. §157(b)(5), 28 U.S.C.A. §(b)(2)(B) and 28 U.S.C.A. §1411 Plaintiffs Estate of Orval Meyers explicitly reserve the right to a jury trial.

### BY FILING THIS PROOF OF CLAIM CREDITORS ARE NOT SUBMITTING TO THE JURISDICTION OF THE BANKRUPTCY COURTS AND EXPRESSLY RESERVE THEIR RIGHT TO A JURY TRIAL.

### CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify under penalty of perjury that on the 20- day of January, 2004, a copy of the within and foregoing document was mailed, postage prepaid, at Butte, Montana, and directed to the following:

W. Wayne Harper, Senior Counsel  
Northwestern Energy  
40 East Broadway  
Butte, Montana  59701

Jessee H. Austin, III, Esq.  
Karol K. Denniston, Esq.  
Paul, Hastings, Janofsky & Walker, LLP  
600 Peachtree Street, NE 24th Floor  
Atlanta, Georgia 30308

Hon. Charles G. Case, II
United States Bankruptcy Court
District of Delaware
814 Market Street
Wilmington, DE 19801

North Western Corpration
Claims Processing
c/o Kurtzman Carson Consultants,
5301 Beethoven Street, Ste. 102
Los Angeles, Ca 90066

_____
James P. Harrington

Frank Burgess
Attorney at Law
2801 South Montana Street
Butte, Montana 59701

James P. Harringon
Attorney at Law
2900 Lexington
Butte, Montana 59701

Attorneys for the Plaintiff

**FILED**

JUL 11 2002

LORI MALONEY CLERK

By_____
          Deputy Clerk

COPY

MONTANA SECOND JUDICIAL DISTRICT COURT, SILVER BOW COUNTY

------------------------------------------------------------

| | |
|---|---|
| REBECCA MEYER, as Personal Representative of the Estate of Orval Meyer, deceased, | ) ) ) ) |
| Plaintiff, | ) ) ) |
| -vs- | ) ) |
| THE MONTANA POWER COMPANY, L.L.C. and its successor in interests NORTHWESTERN ENERGY, L.L.C., Montana Corporations, and THE CITY OF HELENA, a Political Subdivision of the State of Montana, and JOHN DOES I through X, | ) ) ) ) ) ) ) ) |
| Defendants. | ) |

JOHN W. WHELAN
JUDGE, Dept. II

Cause No. DV-02-172

COMPLAINT AND
JURY DEMAND

------------------------------------------------------------

COMES NOW the Plaintiff, Rebecca Meyer, the wife and sole heir of the Decedent, Orval Meyer, and as the Personal Representative of his estate, and brings this action for his wrongful death and survival by alleging:

1

Decedent Orval Meyer, and his wife, Rebecca Meyer, were residents of Helena,

**Complaint and Jury Demand**                                                                 1

Montana, where Orval Meyer, since 1987, was the bus manager of Dial-A-Ride.

2

The Montana Power Company, L.L.C. is a Montana Corporation with its principal place of business in Butte-Silver Bow, Montana, with its successor in interests being Northwestern Energy, L.L.C., also a Montana Corporation.

3

At some time subsequent to the injury and death of Decedent Orval Meyer, Montana Power Company, L.L.C. sold its business of furnishing electricity and natural gas to customers such as Dial-A-Ride to Northwestern Energy, L.L.C., who assumed the liability for the conduct of its predecessor, Montana Power Company as it pertains to the injuries and death of Decedent Orval Meyer.

4

The City of Helena, located in Lewis and Clark County, Montana, is a political subdivision of the State of Montana.

5

John Does I through X, unknown to the Plaintiff at this time, are individuals or business entities involved and responsible for the injuries and death to the decedent during this time.

6

Dial-A-Ride is a public transportation system for, and owned and operated by, the City of Helena, Montana, with its principal place of business being located at 630 North Main, Helena, Montana.

7

The Dial-A-Ride facility consists of a garage housing four buses, with an adjoining office.

2

8

This garage has an overhead heater with attached gas pipelines supplying it with natural gas.

9

The garage has large overhead doors with the heater and gas pipelines being located on the far or opposite wall from the overhead doors.

10

On occasions prior to the injury of the Decedent, Orval Meyer, on July 14th, 1999, buses had come in contact with the overhead gas heater or the attached gas pipes, to rupture the pipe and allow gas to escape into the garage interior.

11

On those occasions the Montana Power Company would be called to make repairs and to remedy this hazardous and dangerous situation, but failed to do so.

12

Certain corrective measures were undertaken to eliminate this hazardous and dangerous situation, but such measures were inadequate.

13

On or about July 13th, 1999, as a direct and proximate result of the negligence and other wrongful conduct of Defendants, a bus struck the overhead heater and/or gas lines and ruptured gas lines causing the gas to escape into the garage.

14

As bus manager for Dial-A-Ride, Orval arrived at work before his drivers, at about 5:00 o'clock a.m. on July 14th, 1999. After entering the garage by a side door, he activated a switch to raise the overhead doors, when he was engulfed in a blast of fire from the explosion of natural gas due to a rupture in the gas line when this gas line or overhead heater had been struck by a bus on or about July 13th, 1999. This was a direct and proximate result of the negligence and other wrongful conduct of the Defendants.

**Complaint and Jury Demand**

3

15

The natural gas that had escaped to fill the garage with the rupturing of the gas pipe had reached a combustible mixture and then was ignited by a spark from the electrical mechanism used to raise and lower the overhead garage doors.

16

Despite eighty (80) percent of his body being burned, Decedent Orval Meyer had sufficient awareness and consciousness to call 911.

17

On arrival at St. Peter's Hospital in Helena, Montana, his dire condition was recognized and he was transferred to a burn center in Seattle, Washington, where he died on July 16th, 1999.

18

By being called from time to time to repair a ruptured gas line at the garage of Dial-A-Ride, Montana Power Company knew or should have known that the gas line and overhead heater would be ruptured in the future and that without effective alterations being made in the placement of the overhead heater and natural gas pipelines, this hazardous and dangerous condition would continue; and therefore, it's conduct in continuing to furnish natural gas and electrical power without this hazard being first eliminated constituted negligence and/or willful or wanton misconduct.

19

The conduct of the City of Helena, as aforesaid, constituted negligence and willful and wanton misconduct.

20

The City of Helena knew that without changes being made in either the placement of the overhead heater and attached gas lines, and/or by eliminating the proximity of the buses to the overhead heater and pipelines, this hazardous and dangerous condition would continue, thereby endangering the well being of their employees at Dial-A-Ride, such as Decedent Orval Meyer.

21

John Does I through X, including those called to eliminate this hazardous and dangerous condition were negligent in the performance of their work as the hazardous and dangerous condition persisted after the performance of their work.

22

On occasions prior to July 14th, 1999, those involved in city management with the authority to eliminate this hazardous and dangerous situation were notified of the need to do so, but never responded adequately.

23

The City of Helena caused or contributed to the injury and death of Decedent Orval Meyer by its intentional and/or malicious acts and omissions.

24

As a result of the negligence, and/or intentional, and/or malicious acts, and omissions of the defendants, in combination or singularly, the injury and death of Decedent Orval Meyer was caused, together with his extreme physical, psychological, mental, emotional pain and distress attended by medical and other expenses.

25

The Defendants were aware of this hazardous and dangerous situation, and that it would continue to endanger the well being and lives of those such as the Decedent Orval Meyer, if they failed to act appropriately to eliminate such hazard and dnager.

26

Therefore, Defendants were aware prior to this accident of this hazard and danger, and despite this, continued to allow this hazard and danger to continue even though they had actual knowledge of facts or intentionally disregarded facts that created a high probability of injury to the Decedent Orval Meyer and persons similarly situated, and this renders the Defendants liable for the payment of punitive damages.

27

Therefore, Plaintiff requests the following relief:

I

For a judgment against the Defendants for compensatory damages to be set forth in her statement of damages to be filed at a later date.

II

For judgment against the Defendants for punitive damages at an amount to be proven at trial.

III

For judgment against the Defendants for Plaintiff's costs in prosecuting this suit.

IV

For such other and further relief as the court may deem just in the premises.

DATED this 11th day of July, 2002.

                     Frank Burgess
                     Attorney at Law
                     2801 S. Montana St.
                     Butte, MT 59701
                     Attorney for the Plaintiff

                     James P. Harrington
                     Attorney at Law
                     2900 Lexington
                     Butte, MT 59701
                     Attorney for the Plaintiff

**Complaint and Jury Demand**                                                     6

## DEMAND FOR JURY TRIAL

COMES NOW Plaintiff above-named and demands a trial by jury on all the issues in the above-entitled case.

DATED this 11th day of July, 2002.

*Frank Burgess*
Frank Burgess
Attorney at Law
2801 S. Montana St.
Butte, MT 59701
Attorney for the Plaintiff

*James P. Harrington*
James P. Harrington
Attorney at Law
2900 Lexington
Butte, MT 59701
Attorney for the Plaintiff

Complaint and Jury Demand

7

## VERIFICATION

STATE OF MONTANA          )
                          :ss.
County of Silver Bow      )

I, REBECCA MEYER, being first duly sworn upon oath, depose and state that:

I am the Plaintiff named in the within and foregoing Complaint and Demand for Jury Trial; that I have read the same and know the content thereof to be true to the best of my knowledge, information and belief.

*Rebecca Meyer*
REBECCA MEYER

SUBSCRIBED AND SWORN before a Notary Public for the State of Montana on the 11th day of July, 2002.

*James A. Dlovey*
NOTARY PUBLIC FOR THE STATE OF MONTANA
Residing at: Butte, MT
My commission Expires: 3-18-2006

Complaint and Jury Demand

8