# **<u>Exhibit A</u>**

# 512

FORM B10 (Official Form 10)(12/03)

| UNITED STATES BANKRUPTCY COURT _for the_ District of Delaware | PROOF OF CLAIM |
|---|---|

| Name of Debtor | Case Number |
|---|---|
| NORTHWESTERN CORPORATION | 03-12872 (CGC) |

**NOTE:** This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. §503.

Name of Creditor (The person or other entity to whom the debtor owes money or property):

**Douglas Nelson and Shila Fisher**

Name and Address where notices should be sent:

Travis W. Kinzler/Michael D. Cok
COK, WHEAT, BROWN, McGARRY & BIDEGARAY PLLP

35 North Bozeman/PO Box 1105
Bozeman, MT 59771-1105

Telephone Number: (406) 587-4445

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check box if you have never received any notices from the bankruptcy court in this case.

☐ Check box if the address differs from the address on the envelope sent to you by the court.

THIS SPACE IS FOR COURT USE ONLY

Account or other number by which creditor identifies debtor:

N/A

Check here if ☐ replaces   ☐ amends   this claim   a previously filed claim, dated:_____.

**1. Basis for Claim**
- ☐ Goods sold
- ☐ Services performed
- ☐ Money loaded
- ☒ Personal injury/wrongful death
- ☐ Taxes
- ☐ Other _____

- ☐ Retiree benefits as defined in 11 U.S.C. §1114(a)
- ☐ Wages, salaries, and compensation (fill out below)
  Last four digits of SS #: _____
  Unpaid compensation for services performed
  from _____ to _____
  (date)        (date)

**2. Date debt was incurred:** June 1, 2002

**3. If court judgment, date obtained:**

**4. Total Amount of Claim at Time Case Filed:** $2,770,000. _____ _____ $2,770,000.
(unsecured)    (secured)    (priority)    (Total)

If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**5. Secured Claim.**
☐ Check this box if your claim is secured by collateral (including a right of setoff).

Brief Description of Collateral:
☐ Real Estate   ☐ Motor Vehicle
☐ Other _____

Value of Collateral:   $_____

Amount of arrearage and other charges _at time case filed_ included in secured claim, if any: $_____

**6. Unsecured Nonpriority Claim** $2,770,000.

☒ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

**7. Unsecured Priority Claim.**
☐ Check this box if you have an unsecured priority claim

Amount entitled to priority $_____
Specify the priority of the claim:
☐ Wages, salaries, or commissions (up to $4,650),* earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3).
☐ Contributions to an employee benefit plan - 11 U.S.C. §507(a)(4).
☐ Up to $ 2,100* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6).
☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(__).
*Amounts are subject to adjustment on 4/1/04 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**8. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.
**9. Supporting Documents:** _Attach copies of supporting documents,_ such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. **DO NOT SEND ORIGINAL DOCUMENTS.** If the documents are not available, explain. If the documents are voluminous, attach a summary.
**10. Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

THIS SPACE IS FOR COURT USE ONLY

**RECEIVED**

JAN 0 7 2004

KURTZMAN CARSON

| Date | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any): |
|---|---|
| 1-6-04 | SEE ATTACHMENT |

_Penalty for presenting fraudulent claim:_ Fine of up to $500,000 or imprisonment for up



0312872040107000000000003

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| NORTHWESTERN CORPORATION | ) | Case No. 03-12872 (CGC) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | |

---

**ATTACHMENT TO PROOF OF CLAIM**
**OF DOUGLAS NELSON AND SHILA FISHER**

---

Douglas Nelson and Shila Fisher ("Nelson/Fisher") file this Proof of Claim as

plaintiffs in the lawsuit entitled *Douglas Nelson and Shila Fisher v. Jim Blankenship*

*Construction, Inc.; NorthWestern Corporation; NorthWestern Energy, and John Does I*

*through V*, Cause No. DV 03-70, in the Montana Second Judicial District Court, Silver

Bow County (the "State Court Case"). The Complaint in the State Court Case is

attached hereto as Exhibit A along with the Order amending caption. Nelson/Fisher

claim damages as a result of the negligence and strict liability of the Debtor and other

defendants, as more particularly estimated in Exhibit B attached hereto.

Nelson/Fisher reserve their right to amend or supplement this Proof of Claim in

any manner and for any purpose, and to assert, file, or seek payment of any and all

additional claims of whatever kind or nature. Nelson/Fisher reserve all rights that they

may have or have at any time hereafter against the Debtor, or any of its subsidiaries.

This Proof of Claim is not intended to be, and shall not be construed, as an election of

remedies, waiver of any defaults or limitation of any rights, remedies, claims or interest

1

of Nelson/Fisher for the claims or causes of action in the State Court Action.

Nelson/Fisher specifically reserve the right to amend their Complaint against Debtor and

others and to allege such additional claims and causes of action that may be revealed as

discovery progresses.

DATED: January 6, 2004                    Respectfully submitted,


                                          COK WHEAT BROWN & McGARRY, PLLP



                                          By: _____
                                              Michael D. Cok
                                              Travis W. Kinzler
                                              35 North Bozeman Avenue
                                              PO Box 1105
                                              Bozeman, MT 59771-1105
                                              Telephone: (406) 587-4445
                                          Counsel for Douglas Nelson and Shila Fisher




                            CERTIFICATE OF SERVICE


        I, Travis W. Kinzler, hereby certify under penalty of perjury that on the    6
day of    January    , 2004, I caused a copy of the foregoing to be served
upon the following party via Federal Express Overnight mail, addressed as follows:

                        Northwestern Corp. Claims Administration
                        c/o Kurtzman Carson Consultants LLC
                        5301 Beethoven Street, Suite 102
                        Los Angeles, California 90066-7066

                                          _____
                                          Travis W. Kinzler

Attachment to Proof of Claim.DOC


                                  2

# EXHIBIT A

1  Michael D. Cok
   Travis W. Kinzler
2  COK, WHEAT, BROWN & McGARRY & BIDEGARAY, PLLP
   35 North Bozeman Avenue
3  P. O. Box 1105
   Bozeman, MT 59771-1105
4  Telephone:  (406) 587-4445

5  Attorneys for Plaintiffs

**FILED**

MAR 2 8 2003

LORI MALONEY, CLERK

By_____
                  Deputy Clerk

JOHN W. WHELAN
JUDGE, Dept. II

6

7

8        **MONTANA SECOND JUDICIAL DISTRICT COURT, SILVER BOW COUNTY**

9                    * * * * * * * * * *

10  DOUGLAS NELSON and                )
    SHILA FISHER,                     )
11                                    )
                  Plaintiffs,         )    CAUSE NO. DV-03-70
12                                    )
                                      )
13        vs.                         )
                                      )
14  JIM BLANKENSHIP CONSTRUCTION      )
    INC., OR OTHER NAME FOR           )
15  WHICH IT DOES BUSINESS;           )    **COMPLAINT**
    NORTHWESTERN CORPORATION;         )
16  NORTHWESTERN ENERGY, LLC;         )
    THE MONTANA POWER, LLC; and       )
17  JOHN DOES I THROUGH V,            )
                                      )
18                Defendants.         )
    _____   )
19

20        Plaintiffs, for relief of their claims against Defendants,

21  allege and state as follows:

22                    **FACTS COMMON TO ALL CLAIMS**

23        1.  Plaintiffs, Douglas Nelson and Shila Fisher, (hereinafter

24  "Nelson/Fisher") were residents of Butte, Silver Bow County,

25  Montana.  Shila Fisher (hereinafter "Ms. Fisher") was the owner of

26  real property and building at 825 West Galena, Butte, Montana.

27

28

COMPLAINT                                                    PAGE 1

1    2.    Jim Blankenship Construction, Inc., (hereinafter

2  "Blankenship"), or other known name, is a business, organized and

3  doing business in Silver Bow County in Butte, Montana.

4    3. NorthWestern Corporation (hereinafter "NorthWestern Corp")

5  is a foreign corporation, incorporated in the state of Delaware and

6  authorized to do business in the State of Montana.

7    4.    The Montana Power, LLC, (hereinafter "MPC") a Montana

8  limited liability company was doing business in Montana as a public

9  utility company, with its principal place of business located in

10  Silver Bow County, Montana, before February 15, 2002.    Upon

11  information and belief, MPC was sold to NorthWestern Corporation

12  and it is the successor-in-interest to MPC.

13    5.    NorthWestern Energy, LLC (hereinafter "NorthWestern") is

14  a Montana limited liability company doing business in the state of

15  Montana.  NorthWestern is a wholly owned subsidiary of NorthWestern

16  Corp and is operating the underground natural gas transmission and

17  distribution lines that were formerly operated by MPC before

18  February 15, 2002.

19    6.    John Does I through V are other individuals who are

20  unknown at this time.

21    7.    Sometime before June 1, 2002, Blankenship demolished a

22  building in the area of the Nelson/Fisher alleyway.    While

23  performing the demolition, Blankenship operated a  "track hoe" on

24  or near the Nelson/Fisher property. Blankenship did not receive a

25  demolition permit from the City of Butte prior to such demolition.

26    8.    Sometime before the explosion, which occurred on

27  June 1, 2002, the valve located below the curb box in the alleyway

28  of 825 West Galena began to leak natural gas.    The natural gas

COMPLAINT                                                      PAGE 2

1 eventually migrated into the basement of the residence of 825 West
2 Galena.

3     9.  On June 1, 2002, Doug Nelson (hereinafter "Mr. Nelson")
4 walked down the stairs to the basement of his residence at 825 West
5 Galena and attempted to light a cigarette on the stairway landing.
6 As Mr. Nelson attempted to light his cigarette, a violent explosion
7 occurred causing him severe burns.

8 **COUNT I**
9 **NEGLIGENCE AS TO DEFENDANTS NORTHWESTERN CORP, NORTHWESTERN**
10 **AND MPC.**

11     10.  Plaintiffs reallege the allegations contained above, and
12 incorporate them herein by reference.

13     11.  Defendants were negligent in failing to maintain,
14 inspect, install, test, operate, place, repair, replace and service
15 the natural gas distribution system and curb box a/k/a "curb
16 cocks," from the main gas line in Nelson/Fisher's alley to the 825
17 West Galena address.

18     12.  The negligence of Defendants described above was the
19 legal cause of the injuries sustained by Mr. Nelson and Ms. Fisher.
20 Mr. Nelson's and Ms. Fisher's damages include medical expenses,
21 future medical care, lost earnings, lost earning capacity, loss of
22 established course of life, pain, suffering, severe emotional
23 distress and loss of consortium.

24 **COUNT II**
25 **NEGLIGENCE *PER SE* AGAINST DEFENDANTS NORTHWESTERN CORP,**
26 **NORTHWESTERN AND MPC.**

27     13.  Plaintiffs reallege the allegations contained above, and
28 incorporate them herein by reference.

COMPLAINT                                         PAGE 3

14. The above-named Defendants are negligent *per se*. Defendants failed to meet the standards set forth in 49 C.F.R.§ 192.1 et al., otherwise known as the Natural Gas Pipeline Safety Act and failed to properly maintain, inspect, install, test, operate, place, repair, replace and service the pipeline and curb box in the alley of the 825 West Galena residence. Such negligence *per se* was the legal cause of Plaintiffs' damages and injuries. Mr. Nelson's and Ms. Fisher's damages include medical expenses, future medical care, lost earnings, lost earning capacity, loss of established course of life, pain, suffering, severe emotional distress and loss of consortium.

## COUNT III

### STRICT LIABILITY AS TO DEFENDANTS NORTHWESTERN CORP, NORTHWESTERN AND MPC.

15. Plaintiffs reallege the allegations contained above, and incorporate them herein by reference.

16. The above-named Defendants were in the business of distributing the ultra-hazardous material of natural gas. On and before June 1, 2002, the pipeline system designed to deliver natural gas to 825 West Galena was in a defective condition and was dangerous and defective in design. The pipeline system was unreasonably dangerous to the user and the ultimate consumers of the natural gas, Mr. Nelson and Ms. Fisher. Additionally, Defendants failed to adequately warn Mr. Nelson and Ms. Fisher of the dangerous and defective condition of the pipeline and the potential danger of an explosion at their residence.

17. Mr. Nelson and Ms. Fisher relied upon the duty of Defendants to design, develop, manufacture and distribute natural

COMPLAINT                                                          PAGE 4

1  gas in a condition fit and safe for the purposes intended. The

2  defective and dangerous condition of the pipeline and the gas

3  distributed by Defendants was the legal cause of damage to Mr.

4  Nelson and Ms. Fisher.  Mr. Nelson's and Ms. Fisher's damages

5  include medical expenses, future medical care, lost earnings, lost

6  earning capacity, loss of established course of life, pain,

7  suffering, severe emotional distress and loss of consortium.

8  ### COUNT IV

9  ### *RES IPSA LOQUITUR* AS TO DEFENDANTS NORTHWESTERN CORP,
   ### NORTHWESTERN AND MPC.

10

11     18.  Plaintiffs reallege the allegations contained above, and

12  incorporate them herein by reference.

13     19.  Mr. Nelson and Ms. Fisher were not at fault for their

14  injuries received as a result of the explosion.  The pipeline and

15  distribution system were under the exclusive control of Defendants

16  at the time of Mr. Nelson and Ms. Fisher's injuries.  The injuries

17  suffered are such as in the ordinary course of natural gas

18  distribution, would not occur if NorthWestern had used proper care.

19     20.  As a direct result of Defendants' lack of proper care

20  described herein, Mr. Nelson and Ms. Fisher have received serious

21  and permanent injury and their damages include medical expenses,

22  future medical care, lost earnings, lost earning capacity, loss of

23  established course of life, pain, suffering, severe emotional

24  distress and loss of consortium.

25  ### COUNT V

26  ### NEGLIGENCE AS TO BLANKENSHIP.

27     21.  Plaintiffs reallege the allegations contained above, and

28  incorporate them herein by reference.

COMPLAINT                                                    PAGE 5

22.  Sometime before June 1, 2002, Blankenship demolished a "garage" located at 821 West Galena which is located adjacent to 825 West Galena.  Upon information and belief, Blankenship negligently operated its business and negligently operated equipment in the alley of 825 West Galena and damaged the natural gas distribution system and pipeline.  The negligence of Blankenship was the legal cause of the injuries sustained by Mr. Nelson and Ms. Fisher.  Mr. Nelson and Ms. Fisher have received serious and permanent injury and their damages include medical expenses, future medical care, lost earnings, lost earning capacity, loss of established course of life, pain, suffering, severe emotional distress and loss of consortium.

### COUNT VI

### NEGLIGENCE *PER SE* AS TO BLANKENSHIP CONSTRUCTION.

23.  Plaintiffs reallege the allegations contained above, and incorporate them herein by reference.

24.  Sometime before June 1, 2002, Blankenship demolished a garage at 821 West Galena.  Blankenship failed to receive a demolition permit as required by Title 15.40 of the Butte Silver Bow County Municipal Code, "The Demolition Code."  While performing such demolition, Blankenship damaged the natural gas distribution system and pipeline.

25.  Such negligence *per se* was the cause of Mr. Nelson and Ms. Fisher's injuries.  Mr. Nelson and Ms. Fisher have received serious and permanent injury and their damages include medical expenses, future medical care, lost earnings, lost earning capacity, loss of established course of life, pain, suffering, severe emotional distress and loss of consortium.

COMPLAINT                                                                    PAGE 6

1      **WHEREFORE**, the Plaintiffs plead for relief as follows:

2      1.    For Plaintiffs' compensatory damages as allowed by law;

3      2.    For punitive damages in an amount sufficient to punish

4 Defendants which will provide encouragement to Defendants to

5 replace all hazards and to further maintain, inspect, install,

6 test, operate, place, repair, replace and service all faulty gas

7 lines;

8      3.    For other equitable relief and allowable costs and

9 attorney's fees.

10      DATED this 27TH day of March, 2003.

11              COK WHEAT BROWN McGARRY & BIDEGARAY, PLLP

12

13           By: _____

14              Michael D. Cok
              Travis W. Kinzler

15               35 North Bozeman, P. O. Box 1105
              Bozeman MT 59771-1105

16      Attorneys for Plaintiffs

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT                                         PAGE 7

RECEIVED
SEP 1 1 2003
COK WHEAT BROWN McGARRY & BIDEGARY PLLP
BOZEMAN MONTANA

FILED

SEP 1 0 2003

LORI MALONEY, CLERK
By    S. McGOWAN
ROUTE TO:                    Deputy Clerk
MDC
MEW                    ✓
TWK

MONTANA SECOND JUDICIAL DISTRICT COURT, SILVER BOW COUNTY

* * * * * * * * *

DOUGLAS NELSON and                )
SHILA FISHER,                     )        CAUSE NO. DV-03-70
                                  )
              Plaintiffs,         )        HONORABLE JOHN W. WHELAN
                                  )               DEPARTMENT II
     vs.                          )
                                  )
JIM BLANKENSHIP CONSTRUCTION      )
INC., OR OTHER NAME FOR           )               ORDER
WHICH IT DOES BUSINESS;           )
NORTHWESTERN CORPORATION;         )
NORTHWESTERN ENERGY, LLC;         )
THE MONTANA POWER, LLC; and       )
JOHN DOES I THROUGH V,            )
                                  )
              Defendants.         )
_____ )

     The parties hereto, through their counsel of record, having

filed their Stipulation to Amend Caption, and good cause appearing

therefore,

     IT IS HEREBY ORDERED, that caption in this matter be amended

as follows:

     1.   As to Jim Blankenship Construction, Inc., remove Or Other

Name For Which it Does Business from the caption;

     2.   NorthWestern Energy, replaces Northwestern Energy, LLC;

and

ORDER                                                    PAGE 1

COPY MAILED TO CLIENT 9/11/03

1

2   3.     Remove Montana Power, LLC from the caption.

3   DATED this _10th_ day of _September_ , 2003.

4

5                                    _John W. Whelan_

6                              JOHN W. WHELAN
                             DISTRICT COURT JUDGE
7

8
cc:   Michael D. Cok/Travis W. Kinzler
9         Allan H. Baris
          W. Wayne Harper
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER                                                        PAGE 2

# EXHIBIT B

## DAMAGES

| | |
|---|---|
| PAST MEDICAL EXPENSES | $420,000.00 |
| FUTURE MEDICAL EXPENSES (estimated) | $100,000.00 |
| PHYSICAL PAIN AND SUFFERING | $1,500,000.00 |
| MENTAL PAIN AND SUFFERING | $500,000.00 |
| LOSS OF ESTABLISHED COURSE OF LIFE | $250,000.00 |
| **TOTAL** | $2,770,000.00 |