EXHIBIT A

1   Brent R. Cromley
    MOULTON, BELLINGHAM, LONGO
2     & MATHER, P.C.
    Suite 1900, Sheraton Plaza
3   P. O. Box 2559
    Billings, Montana 59103-2559
4   Telephone (406) 248-7731

5      Attorneys for Plaintiffs

**FILED**

NOV 0 6 2002

LORI MALONEY CLERK

By_____
Deputy Clerk

SUMMONS ISSUED

8      MONTANA SECOND JUDICIAL DISTRICT COURT, SILVER BOW COUNTY

9    ROGER ROHR and CAROL ROHR,          Cause No. DV-02-283
                                         Judge KURT KRUEGER
10                    Plaintiffs,        Judge, Dept. 1

11         -vs-

12   NORTHWESTERN ENERGY, L.L.C.,        COMPLAINT

13                    Defendant.

14      **COMES NOW**, Plaintiffs Roger and Carol Rohr, by and through their counsel of

15   record, and allege as follows:

16                              **PARTIES**

17      1.   Roger and Carol Rohr are individuals who, at all relevant times, have resided

18   in Yellowstone County, Montana, and are husband and wife.

19      2.   Northwestern Energy, L.L.C. ("Defendant") is a business entity incorporated

20   in the State of Montana with its principal place of business located in Silver Bow County,

21   Montana, is the successor in interest to Montana Power Company, and acts through its

22   agents and employees.

23                        **GENERAL ALLEGATIONS**

24      3.   On or about June 22, 2002, Roger Rohr ("Roger") was working on the roof

25   of a cabin located in Carbon County, approximately two miles south of Red Lodge,

     Montana.

     MOULTON, BELLINGHAM, LONGO & MATHER, P.C.

**EXHIBIT**

tabbies

_____A_____

4.      While on the cabin, Roger and another individual were handling sheets of metal roofing material. After being handed a sheet of the roofing material, Roger attempted to transport the metal sheet to an area of the roof where he was working. While he was carrying the roofing material, the metal sheet contacted an overhead power line (subject power line). As a result of the contact, Roger was rendered unconscious, received electrical burns, fell from the roof onto his back, and received other serious injuries.

5.      Based on information and belief, Defendant is the owner and operator of the subject power line, and constructed and maintained the subject power line.

6.      The subject power line, at all relevant times, ran in a diagonal direction, directly above the roof of the cabin, and was strung less than five feet above the peak of the cabin. A clear view of the subject power line was obscured by tree branches and by virtue of the fact that other, low voltage lines were strung in the same vicinity and bore heavy insulation. The subject power line, upon information and belief, was uninsulated and carried approximately 7,200 volts of electricity.

7.      Upon information and belief, Defendant knew, or should have known, that it was constructing the subject power line in close proximity to the cabin and in an area where persons would be performing maintenance work on the cabin.

8.      Defendant knew, or should have known, that the cabin was located underneath its wires, that the cabin needed periodic maintenance, and that it was reasonably foreseeable that a person would come into contact with the subject power line.

9.      Defendant negligently and recklessly failed to warn or notify the Plaintiffs of the presence of high voltage wires.

10.      Defendant negligently and recklessly failed to insulate the subject power line near the cabin by means other than airspace.

2

11.    Based on information and belief, the subject power line was in violation of provisions of the National Electrical Safety Code (NESC).

12.    Based on information and belief, the subject power line has remained in the same condition for a substantial period of time, extending at least twenty-five (25) years.

13.    Defendant failed to adequately inspect, maintain or remedy the subject power line in order to ensure it was in conformance with the NESC, or to ensure it did not pose a risk of danger.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION - NEGLIGENCE

14.    Plaintiffs Roger and Carol Rohr re-allege and incorporate into this First Cause of Action paragraphs 1 through 13 of this Complaint and further allege:

15.    Defendant, as owner and operator of the subject power line, owed Roger and Carol Rohr a duty to safely construct and routinely inspect and maintain the power lines under their control.

16.    Defendant breached this duty by failing to safely construct and routinely inspect and maintain the subject power line.

17.    The acts and omissions of Defendant were a direct and proximate cause of Plaintiff's injuries.

18.    As a direct and proximate result of the negligence of Defendant, Plaintiffs have suffered damages. These damages include, but are not limited to, severe personal injury, serious emotional distress, significant medical expenses, loss of earnings and a loss of earning capacity in the future.

### SECOND CAUSE OF ACTION - NEGLIGENCE PER SE

19.    Plaintiffs Roger and Carol Rohr re-allege and incorporate into this Second Cause of Action paragraphs 1 through 18 of this Complaint and further allege:

3

20.    Based on information and belief, the location of the subject power line in relation to the cabin violated numerous standards of the NESC.

21.    Based on information and belief, Defendant violated numerous standards of the NESC pertaining to routine maintenance and inspection of electrical power lines.

22.    Defendant, as owner and operator of the subject power line, owed Plaintiffs a duty to routinely inspect and maintain the power lines under their control so as to ensure they were in compliance with the standards set forth in the NESC.

23.    Defendant breached this duty by failing to properly install, inspect, maintain and remedy the danger posed by the nonconforming subject power line.

24.    The NESC maintenance and design standards are intended to protect the public. As such, violations of the maintenance and design standards contained in the NESC amount to negligence per se.

25.    As a direct and proximate result of Defendant's failure to ensure the subject power line was in conformance with applicable NESC standards, Plaintiffs have experienced physical and emotional injury.

## THIRD CAUSE OF ACTION -

## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

26.    Plaintiffs Roger and Carol Rohr re-allege and incorporate into this Third Cause of Action paragraphs 1 through 25 of this Complaint and further allege:

27.    Plaintiffs have suffered and continue to suffer, severe emotional distress due to the Defendant's negligent conduct.

28.    The severe emotional distress suffered by Plaintiffs is a reasonably foreseeable consequence of the Defendant's negligent acts and/or omissions.

4

## FOURTH CAUSE OF ACTION - LOSS OF CONSORTIUM

29.     Plaintiffs Roger and Carol Rohr re-allege and incorporate into this Fourth Cause of Action paragraphs 1 through 25 of this Complaint and further allege:

30.     Roger and Carol Rohr ("Carol") were legally married as husband and wife. As husband and wife, they contracted towards each other the obligations of mutual respect, fidelity, and support.

31.     Prior to June 22, 2002, the date of Roger's electrocution and resulting injuries, Roger and Carol enjoyed a happy and healthy marriage.

32.     Carol's spouse, Roger, was injured as a result of Defendant's negligence. Specifically, Defendant failed to properly install, inspect, maintain and remedy the danger posed by the nonconforming subject power line.

33.     As a result of Defendant's negligent conduct, Carol has sustained a loss or impairment of the marital relationship with Roger, including her legal right to the aid, protection, affection and society of her husband.

## PUNITIVE DAMAGES

34.     Defendant had knowledge of facts or intentionally disregarded facts creating a high probability of injury to Plaintiffs.

35.     Defendant deliberately proceeded to act in conscious or intentional disregard of the high probability of injury to Plaintiffs.

36.     Defendant deliberately proceeded to act with indifference to the high probability of injury to Plaintiffs.

37.     As a result of Defendant's actions, Plaintiffs are entitled to punitive damages for the sake of example and for the purpose of punishing the Defendant.

5

**WHEREFORE**, Plaintiffs pray for judgment against the Defendant in amounts sufficient to compensate them for their damages occasioned as a result of Roger's electrical injury including, but not limited to, the following:

1.    Past and future medical expenses;

2.    Past and future wage loss and/or diminution in earning capacity;

3.    Monetary damages sufficient to compensate them for loss of established course of life, emotional distress and pain and suffering;

4.    Loss of consortium damages in an amount sufficient to compensate Carol for the impairment this accident has caused to occur in her marriage relationship;

5.    Punitive damages in an amount sufficient to deter and punish Defendant; and

6.    For such further relief as this Court deems just and proper.

**PLAINTIFFS DEMAND TRIAL BY JURY**

**DATED** this 4th day of November, 2002.

MOULTON, BELLINGHAM, LONGO
& MATHER, P.C.

By:

BRENT R. CROMLEY
Suite 1900, Sheraton Plaza
P.O. Box 2559
Billings, MT 59103-2559

ATTORNEYS FOR PLAINTIFFS

6

EXHIBIT B

FILED
CLERK U.S. DISTRICT COURT
IN THE UNITED STATES DISTRICT COURT DISTRICT OF DELAWARE

FOR THE DISTRICT OF DELAWARE  2004 APR 29 AM 10: 34

| | | |
|---|---|---|
| IN RE: | : | Chapter 11 |
| | : | |
| NORTHWESTERN CORPORATION, | : | Case No. 03-12872 CGC |
| | : | |
| Debtor. | : | |

---

| | | |
|---|---|---|
| ROGER ROHR and CAROL ROHR | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | Civil Action No. 04-110 JJF |
| | : | |
| NORTHWESTERN CORPORATION, | : | |
| | : | |
| Defendant. | : | |

---

Noel C. Burnham, Esquire of MONTGOMERY, MCCRACKEN, WALKER & RHOADS, LLP, Wilmington, Delaware.
Of Counsel: Brent R. Cromley, Esquire, Douglas James, Esquire, and Thomas A. Mackay, Esquire of MOLTON, BELLINGHAM, LONGO & MATHER, P.C., Billings, Montana.
Attorneys for Plaintiffs.

Charles Michael Terribile, Esquire of GREENBURG TRAURIG, LLP, Wilmington, Delaware.
Attorney for Defendant.

Mark S. Kenney, Esquire, OFFICE OF THE UNITED STATES TRUSTEE, Wilmington, Delaware.
Attorney for United States Trustee.

Charlene D. Davis, Esquire of THE BAYARD FIRM, Wilmington, Delaware.
Attorney for the Official Committee of Unsecured Creditors.

---

**MEMORANDUM OPINION**

April 29, 2004

Wilmington, Delaware

EXHIBIT

B

Farnan   District Judge.

Presently before the Court is the Motion For Withdrawal Of Reference And Transfer To United States District Court In Judicial District Of Montana, Butte Division filed by Plaintiffs Roger and Carol Rohr (collectively "Plaintiffs"). (D.I. 1.) For the reasons discussed, the Court will grant the Motion.

**BACKGROUND**

On or about June 22, 2002, Roger Rohr was working on a roof when he came into contact with a power line. Due to this contact, Mr. Rohr was knocked off the roof and sustained serious injuries. On or about November 4, 2002, Plaintiffs filed a complaint and requested a jury trial in Montana state court alleging that Mr. Rohr's injury were the result of Northwestern Energy, L.L.C.'s ("Northwestern") negligence.

Northwestern is the successor in interest to Montana Power. Northwestern is a wholly owned subsidiary of Northwestern Corporation, a Delaware corporation currently in Chapter 11 bankruptcy in the United States Bankruptcy Court in the District of Delaware (the "Delaware Bankruptcy"). Northwestern is not a named party in the Delaware Bankruptcy. By their Motion, Plaintiffs move the Court to withdraw the reference and transfer this action to the United States District Court in the Judicial District of Montana, Butte Division (the "Montana District

1

Court").[1]

## DISCUSSION

### I.    Permissive Withdrawal[2]

The Court is persuaded that Plaintiffs have shown sufficient "cause" to justify permissive withdrawal.   The first sentence of Section 157(d) provides that a district court may withdraw the reference of any case under this section "for cause."   28 U.S.C. § 157(d).   Courts in the Third Circuit have enumerated a number of factors that may constitute "cause," including: the goal of promoting uniformity in bankruptcy administration, whether the action is core or non-core, judicial efficiency, and discouraging forum shopping.   In re Pruitt, 910 F.2d 1160, 1168 (3d Cir. 1990)(citing Holland Am. Ins. Co. v. Succession of Roy, 777 F.2d 992, 999 (5th Cir. 1985)); In re G-I Holdings, Inc., 295 B.R. 211, 216 (D. N.J. 2003).

The Court concludes that permissive withdrawal is proper because, pursuant to 28 U.S.C. § 157(b)(5), the Bankruptcy Court is without subject matter jurisdiction over Plaintiffs' claims. Section 157(b)(5) provides:

---

[1]   Defendant did not file an opposition brief to Plaintiffs Motion, and therefore, the Court will resolve the instant matter on the limited record before it.

[2]   Because Northwestern is not a named party in the Delaware Bankruptcy and only a subsidiary of the Debtor, the automatic stay does not prohibit the Court from addressing the merits of the instant motion.   See Maritime Elec. Co., Inc. v. United Jersey Bank, 959 F.2d 1194, 1205 (3d Cir. 1992).

2

> The district court shall order that personal injury tort and
> wrongful death claims shall be tried in the district court
> in which the bankruptcy case is pending, or in the district
> court in the district in which the claim arose, as
> determined by the district court in which the bankruptcy
> case is pending.

28 U.S.C. § 157(b)(5).  The mandate from Section 157(b)(5), that

personal injury tort and wrongful death claims be tried by the

district court, effectively deprives the Bankruptcy Court of

jurisdiction to entertain the instant action.  See Hansen v.

Borough of Seaside Park, 164 B.R. 482, 485-86 (D. N.J.

1994)(citing Vinci v. Town of Carmel, 108 B.R. 439, 441-42

(Bankr. S.D.N.Y. 1989)); In re Manidis, Bankr. Adv. No. 93-0181,

1994 WL 250072, *6-7 (Bankr. E.D. Pa. May 27, 1994)(citations

omitted).  Accordingly, the Court concludes that permissive

withdrawal is appropriate in this case.  See In re Patterson, 150

B.R. 367, 368 (E.D. Va. 1993).

## II.  Transfer Pursuant To 28 U.S.C. § 157(b)(5)

The Court also concludes that a transfer to the Montana

District Court is appropriate.  As cited above, Section 157(b)(5)

permits a district court to order personal injury and wrongful

death claims to be tried in the district where the bankruptcy

action is proceeding or in the district where the claim arose.

In the Court's view, the circumstances in this case require the

Court to exercise its discretion and order a transfer to Montana.

The events at the heart of this action all occurred in

Montana.  Also, Plaintiffs have indicated their intention to

3

consolidate the instant action with the pending Montana state court action if the instant action is transferred to the Montana District Court.  (D.I. 2 at 4.)  Further, the claims in the instant action involve Montana tort principles and all of the witnesses reside in that state.  Id. at 14.  Based on these facts, and pursuant to the authority provided by Section 157(b)(5), the Court is persuaded that principles of judicial economy and the convenience of the parties require the Court to exercise its discretion and transfer this action to the Montana District Court.

<strong>CONCLUSION</strong>

For the reasons discussed, the Court will grant the Motion to Withdraw and transfer this action to the Montana District Court.

4

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

FILED
CLERK U.S. DISTRICT COURT
DISTRICT OF DELAWARE

2004 APR 29 AM 10: 35

IN RE:                          : Chapter 11
                                :
NORTHWESTERN CORPORATION,       : Case No. 03-12872 CGC
                                :
          Debtor.               :

---

ROGER ROHR and CAROL ROHR       :
                                :
          Plaintiffs,           :
                                :
     v.                         : Civil Action No. 04-110 JJF
                                :
NORTHWESTERN CORPORATION,       :
                                :
          Defendant.            :

## O R D E R

At Wilmington, this **29** day of April, 2004, for the reasons
set forth in the Memorandum Opinion issued this date;

IT IS HEREBY ORDERED that:

1)   The Motion For Withdrawal Of Reference And Transfer To
     United States District Court In Judicial District Of
     Montana, Butte Division filed by Roger and Carol Rohr
     (D.I. 1) is **GRANTED**;

     a)   The reference to the Bankruptcy Court is **WITHDRAWN**
          pursuant to 28 U.S.C. § 157(d);

     b)   This matter is transferred to the United States
          District Court in the Judicial District of
          Montana, Butte Division.

UNITED STATES DISTRICT JUDGE

EXHIBIT C

FILED
GREAT FALLS DIV.

'04 MAY 20 PM 1 00

PATRICK E. DUFFY, CLERK
BY _____
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF MONTANA

### BUTTE DIVISION

| | |
|---|---|
| ROGER ROHR and CAROL ROHR, | |
| Plaintiffs, | No.  CV-04-35-BU-SEH |
| vs. | |
| NORTHWESTERN CORPORATION, | ORDER |
| Defendant. | |

A status conference shall be held on June 4, 2004, at 10:45 a.m. at the Mike Mansfield

Federal Courthouse, Butte, Montana.

DATED this _20th_ day of May, 2004.

SAM E. HADDON
United States District Judge

-1-

EXHIBIT

C

EXHIBIT D

FILED
GREAT FALLS DIV.

'04 AUG 19 PM 1 20

PATRICK E. DUFFY, CLERK
BY _____
DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF MONTANA

## BUTTE DIVISION

| | |
|---|---|
| ROGER ROHR and CAROL ROHR , | |
| Plaintiffs, | No.  CV-04-35-BU-SEH |
| vs. | |
| NORTHWESTERN CORPORATION, | **ORDER** |
| Defendant. | |

## BACKGROUND

On November 6, 2002, Plaintiffs commenced this action against Northwestern Energy,

L.L.C. (Northwestern Energy) in the Montana Second Judicial District Court, Silver Bow

County.  Northwestern Corporation filed bankruptcy on September 14, 2003, in the District of

Delaware invoking the automatic stay of 11 U.S.C. § 362.  Notice of the bankruptcy was filed

with the state court on September 24, 2003.  An amended complaint naming Independent

Inspection Company and Virginia Longo as additional defendants was filed in state court on

January 30, 2004.  A motion for withdrawal of reference to the Delaware Bankruptcy Court and

for transfer to this Court was filed by Plaintiffs on February 20, 2004.  The motion was granted

on April 29, 2004. In its Memorandum Opinion, the Delaware District Court noted that "permissive withdrawal is proper because, pursuant to 28 U.S.C. § 157(b)(5), the Bankruptcy Court is without subject matter jurisdiction over Plaintiffs' claims."[1] (Memorandum Opinion at 2 (April 29, 2004) U.S. Dist. Ct. for the D. Del., Civ. Action No. 04-110 JJF.)

## DISCUSSION

This Court has jurisdiction under 28 U.S.C. § 1334(b) over the instant case as a "related to" case under Chapter 11.[2] Fietz v. Great Western Sav., 852 F.2d 455, 457 (9th Cir. 1988). However, that jurisdiction is concurrent with that of the Montana courts. Here, the claims asserted by Plaintiffs against Defendant arise from a common set of facts and are clearly interrelated. State law issues predominate. Trial in a single forum promotes judicial economy and minimizes the risk of inconsistent results. 28 U.S.C. § 1452(b) contemplates that remand may be made on any equitable ground.

No motion for remand has been filed. None is required. This Court may, upon its own

---

[1] 28 U.S.C. § 157(b)(5) provides:

> The district court shall order that personal injury tort and wrongful death claims shall be tried in the district court in which the bankruptcy case is pending, or in the district court in the district in which the claim arose, as determined by the district court in which the bankruptcy case is pending.

[2] 28 U.S.C. § 1334(b) provides:

> Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.

-2-

motion, remand the case.  Ramada Inn-Paragould Gen. Partn. v. Drake, 138 B.R. 63, 65 (E.D.

Ark. 1992); Bay Area Material Handling, Inc. v. Broach, No. C 95-01903 CW, 1995 WL 747954

at * 9 n. 12 (N.D. Cal. Dec 6, 1995).  Remand is appropriate.   San Ramon Foothills v. Mountain

West Homes, No. C 03-03696 SI, 2004 WL 391610 (N.D. Cal. Feb. 25, 2004); Western

Helicopters, Inc. v. Hiller Aviation, Inc., 97 B.R. 1, 6 (1988).

## **ORDERED:**

This case is REMANDED to the Montana Second Judicial District Court, Silver Bow

County.

DATED this _19th_ day of August, 2004.

SAM E. HADDON
United States District Judge