**EXHIBIT "A"**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| NORTHWESTERN CORPORATION, ) | Case No. 03-12872 (JLP) |
| ) | |
| Debtor. ) | Objection Deadline: March 23, 2005 |
| ) | Hearing Date:  April 5, 2005 at 9:30 a.m. |
| ) | |

**MOTION OF DOUGLAS NELSON AND SHILA FISHER FOR
RELIEF FROM STAY AND ABSTENTION IN FAVOR OF THE SECOND
JUDICIAL CIRCUIT COURT FOR SILVER BOW COUNTY, MONTANA**

Douglas Nelson and Shila Fisher ("Movants"), by and through their undersigned counsel, Buchanan Ingersoll PC and Cok, Wheat, Brown & McGarry, PLLP, move for relief from the automatic stay to allow the prosecution of their personal injury claims, and for voluntary abstention by the Court in favor of Montana's Second Judicial District Court, for Silver Bow County, and in support thereof aver as follows:

**JURISDICTION**

1. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1334, and venue is proper pursuant to 28 U.S.C. §§1408 and 1409.

2. This is a core matter pursuant to 28 U.S.C. § 157(b).

3. Relief is proper pursuant to 11 U.S.C. §§ 362(d), (e), and 105(a), and 28 U.S.C. §§ 157(b)(5) and 1334(c).

**BACKGROUND**

4. Movants are plaintiffs in an action currently pending in Montana's Second Judicial District Court, Silver Bow County, as <u>Douglas Nelson and Shila Fisher vs. Jim Blankenship Construction, Inc., Or Other Name For Which It Does Business; Northwestern Corporation; Northwestern Energy, LLC; The Montana Power, LLC; and John Does I Through</u>

1

V, (Cause No. DV-03-70) (the "Montana Action"). In the Montana Action, Movants seek damages related to an explosion stemming from a gas line operated by the Debtor on property abutting Movants' home.

5. On January 7, 2004, Movants filed a proof of claim with the Debtor's claims agent, recording an unsecured, nonpriority, contingent and unliquidated claim against the Debtor in the amount of $2,770,000.00, and attaching a copy of the Complaint filed in the Montana Action.

6. On January 31, 2005, the Debtor's Sixteenth Omnibus Objection to Claims Pursuant to 11 U.S.C. § 502(b) and Fed.R.Bankr.P.3007 [Personal Injury / Wrongful Death Claims Substantive] [D.I. 2829] ("Objection") was filed. On February 23, 2005, the Debtor's Motion to Withdraw Reference Pursuant to 28 U.S.C. § 157(b)(5) [D.I. 2835] ("Motion to Withdraw") was filed. In pertinent part, the Objection and Motion to Withdraw contest the Debtor's responsibility for Movants' injuries, and seek to have Movants' claim determined in the Delaware District Court on the grounds that the Bankruptcy Court lacks jurisdiction over personal injury claims.

**RELIEF REQUESTED**

7. Movants seek relief from the Automatic Stay pursuant to 11 U.S.C. § 362(d), for cause, in order to liquidate their claims against the Debtor.

8. Movants respectfully request that the Court abstain from hearing Debtor's claim objection in favor of the Montana Second Judicial District Court for Silver Bow County, where the Montana Action is already pending.

## BASIS FOR RELIEF

9.  11 U.S.C. § 362(d) provides that:

(d)  On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay --

(1)  for cause, including the lack of adequate protection of an interest in property of such party in interest;

11 U.S.C. § 362(d).

10.  Cause exists to lift the automatic stay in this instance because Movants cannot fix or liquidate their claim without proceeding to trial, and the Bankruptcy Court lacks jurisdiction to try personal injury claims. Notably, Debtors have already requested to have the matter transferred to the Delaware District Court, in order to have Movants' claim determined in that Court.

11.  28 U.S.C. § 157 specifically provides, in pertinent part, that

"…personal injury tort and wrongful death claims shall be tried in the district court in which the bankruptcy case is pending, or in the district court in the district in which the claim arose, as determined by the district court in which the bankruptcy case is pending."

28 U.S.C. § 157(b)(5).

12.  28 U.S.C. § 1334(c)(1) provides:

(c)  (1) Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts, or respect for State law, from abstaining from hearing a particular proceeding arising under Title 11 or arising in or related to a case under Title 11.

28 U.S.C. § 1334(c)(1).

13.  28 U.S.C. § 157 and § 1334(c)(1), read together, permit the Court to abstain with respect to the Movants' personal injury claims in favor of the Montana Second Judicial District Court for Silver Bow County, where the Montana Action is pending.

3

14. The interests of justice, comity with State courts and respect for State law all support voluntary abstention in favor of the Montana Court. The Montana Action was originally brought against the Debtor in the State Court, and pursuant to State law causes of action that have no relation to bankruptcy law. "Where a civil proceeding sounds in state law and bears limited connection to the debtor's bankruptcy case, abstention is particularly compelling." Matter of Oliver's Stores, Inc., 107 B.R. 40, 42 (D.N.J., 1989). The Montana State Court is, therefore, the natural forum for determination of Movants' personal injury claims.

15. Furthermore, the Delaware District Court, where Debtor seeks to have Movants' claims addressed, has already abstained from hearing two similar cases involving personal injury claimants whose claims are also addressed in the Objection, and has previously transferred those cases to the United States District Court for the District of Montana, Butte Division. In both cases, the District of Montana Court then remanded those actions to the Montana Second Judicial District Court for Silver Bow County -- in one case, sua sponte. Copies of the Orders are attached as Exhibits "A" and "B".

16. In its Orders remanding those actions to the State Court, the Montana District Court noted that:

> This Court has jurisdiction under 28 U.S.C. § 1334(b) over the instant case as a "related to" case under Chapter 11. … However, that jurisdiction is concurrent with that of the Montana courts. Here, the claims asserted by Plaintiffs against Defendant arise from a common set of facts and are clearly interrelated. State law issues predominate.

Exhibit B, at 2 [footnote omitted].

17. Movants originally filed their Action in March, 2003, and have continued to prosecute the Montana Action as to the non-Debtor defendants. The interests of justice and

4

efficiecy are best served if the Movants' claims against all defendants in the Montana Action are resolved in a single forum.

WHEREFORE, Movants respectfully request that this Court:

(a)     grant the relief provided in the order attached, granting relief from stay to permit Movants to prosecute the Montana Action as against the Debtors;

(b)     refer the matter to the Montana Second Judicial District Court, Silver Bow County, where the Montana Action is already pending; and

(c)     grant such other or additional relief as it shall see fit.

Wilmington, Delaware
Dated: February 24, 2005

BUCHANAN INGERSOLL PC

/s/ William D. Sullivan
William D. Sullivan (No. 2820)
1007 N. Orange St., Suite 1110
Wilmington, DE 19801
(302) 428-5500
(302) 428-3996 (fax)

and

COK, WHEAT, BROWN &
MCGARRY, PLLP

Michael D. Cok, Esq.
Travis Kinzler, Esq.
35 North Bozeman Avenue
P.O. Box 1105
Bozeman, Montana 59771-1105

Counsel for Movants
Douglas Nelson and Shila Fisher

5

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| **NORTHWESTERN CORPORATION,** ) | Case No. 03-12872 (JLP) |
| ) | |
| Debtor. ) | |
| ) | Related Docket No.: ____ |
| ) | Objection Deadline: March 23, 2005 |
| ) | Hearing Date: April 5, 2005 |

## NOTICE OF MOTION

To:  Debtor's Counsel
United States Trustee
Counsel for the Official Committee of Unsecured Creditors
All Parties Requesting Notice in this Case.

Douglas Nelson and Shila Fisher have filed the <u>Motion Of Douglas Nelson And Shila Fisher For Relief From Stay And Abstention In Favor Of The Second Judicial Circuit Court For Silver Bow County, Montana</u> (the "Motion"), seeking relief from the automatic stay of 11 U.S.C. § 362 in order to liquidate their claims against the Debtor, and requesting that the Bankruptcy Court abstain in favor of the Montana Second Judicial Circuit Court for Silver Bow County, where an action is pending against the Debtor and certain non-debtor entities.

Should you wish to object to the relief requested in the Motion, you are required to file a response to the attached Motion on or before **March 23, 2005**, and at the same time, you must serve a copy of any response on:

| | |
|---|---|
| William D. Sullivan | Cok, Wheat, Brown & McGarry, PLLP |
| Buchanan Ingersoll PC | Michael D. Cok, Esq. |
| 1007 N. Orange St., Suite 1110 | Travis Kinzler, Esq. |
| Wilmington, DE 19801 | 35 North Bozeman Avenue |
| (302) 428-5500 | P.O. Box 1105 |
| (302) 428-3996 (fax) | Bozeman, Montana 59771-1105 |
| | (406) 587-4445 |
| | (406) 587-9465 (fax) |

**HEARING ON THE MOTION WILL BE HELD ON APRIL 5, 2005 AT 09:30 A.M.** IF YOU FAIL TO RESPOND IN ACCORDANCE WITH THIS NOTICE, THE COURT MAY GRANT THE RELIEF DEMANDED BY THE MOTION WITHOUT FURTHER NOTICE OR HEARING.

| | |
|---|---|
| Wilmington, Delaware<br>Dated: February 24, 2005 | BUCHANAN INGERSOLL PC<br><br>/s/ William D. Sullivan<br>William D. Sullivan (No. 2820)<br>1007 N. Orange St., Suite 1110<br>Wilmington, DE 19801<br>(302) 428-5500<br>(302) 428-3996 (fax)<br><br>and<br><br>COK, WHEAT, BROWN &<br>MCGARRY, PLLP<br><br>Michael D. Cok, Esq.<br>Travis Kinzler, Esq.<br>35 North Bozeman Avenue<br>P.O. Box 1105<br>Bozeman, Montana 59771-1105<br><br>Counsel for Movants<br>Douglas Nelson and Shila Fisher |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| NORTHWESTERN CORPORATION, | ) | Case No. 03-12872 (JLP) |
| | ) | |
| Debtor. | ) | Related Docket No. _____ |
| | ) | |

ORDER GRANTING MOTION FOR
RELIEF FROM STAY AND ABSTENTION IN FAVOR OF THE SECOND
JUDICIAL CIRCUIT COURT FOR SILVER BOW COUNTY, MONTANA

Upon consideration of the Motion Of Douglas Nelson And Shila Fisher For Relief From Stay And Abstention In Favor Of The Second Judicial Circuit Court For Silver Bow County, Montana (the "Motion"); and adequate notice of the Motion having been given; and this Court being fully advised in the premises;

IT IS HEREBY ORDERED, FOUND AND DECREED:

1. The Motion is GRANTED;

2. The automatic stay provided by section 362(a) of title 11 of the United States Code (the "Bankruptcy Code"), shall be modified as of the date of this Order, to permit Douglas Nelson and Shila Fisher ("Movants") to prosecute their claims in the Montana Second Judicial District Court for Silver Bow County, in the pending Action captioned <u>Douglas Nelson and Shila Fisher vs. Jim Blankenship Construction, Inc., Or Other Name For Which It Does Business; Northwestern Corporation; Northwestern Energy, LLC; The Montana Power, LLC; and John Does I Through V</u>, (Cause No. DV-03-70) (the "Action"), as against Northwestern Corporation (the "Debtor") to final judgment, for the purpose of determining all issues of liability and damages, if any, of the parties on their respective claims asserted in the Action.

1

3. Except as expressly provided in this Order, any settlement of or recovery of a judgment for damages in the Action shall be enforceable to the extent of any available insurance proceeds.

4. Except as expressly provided in this Order, the provisions of section 362(a) of the Bankruptcy Code shall remain in full force and effect and shall not be deemed modified or waived in any manner, including, without limitation, the automatic stay of the enforcement of or execution against the Debtors upon any judgment obtained.

Dated: _____, 2005            _____
                                           Hon. John L. Peterson,
                                           United States Bankruptcy Judge

**Exhibit "A"**

FILED
GREAT FALLS DIV.
'04 AUG 19 PM 1 20
PATRICK E. DUFFY, CLERK
BY _____
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BUTTE DIVISION

| | |
|---|---|
| ROGER ROHR and CAROL ROHR, <br><br> Plaintiffs, <br><br> vs. <br><br> NORTHWESTERN CORPORATION, <br><br> Defendant. | No. CV-04-35-BU-SEH <br><br> **ORDER** |

## BACKGROUND

On November 6, 2002, Plaintiffs commenced this action against Northwestern Energy, L.L.C. (Northwestern Energy) in the Montana Second Judicial District Court, Silver Bow County. Northwestern Corporation filed bankruptcy on September 14, 2003, in the District of Delaware invoking the automatic stay of 11 U.S.C. § 362. Notice of the bankruptcy was filed with the state court on September 24, 2003. An amended complaint naming Independent Inspection Company and Virginia Longo as additional defendants was filed in state court on January 30, 2004. A motion for withdrawal of reference to the Delaware Bankruptcy Court and for transfer to this Court was filed by Plaintiffs on February 20, 2004. The motion was granted

-1-

on April 29, 2004. In its Memorandum Opinion, the Delaware District Court noted that "permissive withdrawal is proper because, pursuant to 28 U.S.C. § 157(b)(5), the Bankruptcy Court is without subject matter jurisdiction over Plaintiffs' claims."[1] (Memorandum Opinion at 2 (April 29, 2004) U.S. Dist. Ct. for the D. Del., Civ. Action No. 04-110 JJF.)

## DISCUSSION

This Court has jurisdiction under 28 U.S.C. § 1334(b) over the instant case as a "related to" case under Chapter 11.[2] Fietz v. Great Western Sav., 852 F.2d 455, 457 (9th Cir. 1988). However, that jurisdiction is concurrent with that of the Montana courts. Here, the claims asserted by Plaintiffs against Defendant arise from a common set of facts and are clearly interrelated. State law issues predominate. Trial in a single forum promotes judicial economy and minimizes the risk of inconsistent results. 28 U.S.C. § 1452(b) contemplates that remand may be made on any equitable ground.

No motion for remand has been filed. None is required. This Court may, upon its own

---

[1] 28 U.S.C. § 157(b)(5) provides:

> The district court shall order that personal injury tort and wrongful death claims shall be tried in the district court in which the bankruptcy case is pending, or in the district court in the district in which the claim arose, as determined by the district court in which the bankruptcy case is pending.

[2] 28 U.S.C. § 1334(b) provides:

> Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.

-2-

motion, remand the case. Ramada Inn-Paragould Gen. Partn. v. Drake, 138 B.R. 63, 65 (E.D. Ark. 1992); Bay Area Material Handling, Inc. v. Broach, No. C 95-01903 CW, 1995 WL 747954 at * 9 n. 12 (N.D. Cal. Dec 6, 1995). Remand is appropriate. San Ramon Foothills v. Mountain West Homes, No. C 03-03696 SI, 2004 WL 391610 (N.D. Cal. Feb. 25, 2004); Western Helicopters, Inc. v. Hiller Aviation, Inc., 97 B.R. 1, 6 (1988).

### ORDERED:

This case is REMANDED to the Montana Second Judicial District Court, Silver Bow County.

DATED this 19th day of August, 2004.

SAM E. HADDON
United States District Judge

-3-

**Exhibit "B"**



RECEIVED

FILED
GREAT FALLS DIV

'04 AUG 17 PM 1 59

PATRI... ...LERK
BY _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BUTTE DIVISION

| | |
|---|---|
| ESTATE OF ORVAL MEYER,<br><br>                Plaintiff,<br><br>vs.<br><br>NORTHWESTERN CORPORATION, aka<br>NORTHWESTERN PUBLIC SERVICE<br>COMPANY, aka MONTANA POWER LLC,<br>aka NORTHWESTERN ENERGY, aka<br>NORTHWESTERN ENERGY-MONTANA,<br><br>                Defendants. | No. CV-04-34-BU-SEH<br><br>ORDER |

### INTRODUCTION

This action was originally filed in the Montana Second Judicial District Court, Silver Bow County, on July 11, 2002.[1] The Montana Power Company, L.L.C., and its successor in interest Northwestern Energy, L.L.C. (Northwestern Energy) and the City of Helena (City) were named defendants. On October 28, 2002, the City filed a motion for change of venue to Lewis and Clark County. The motion was denied by order filed March 27, 2003. The City filed a

---

[1] Cause No. DV-02-172.

-1-

notice of appeal to the Montana Supreme Court of the denial of change of venue on April 24, 2003.

Northwestern Corporation filed bankruptcy in the District of Delaware on September 14, 2003, invoking the automatic stay of 11 U.S.C. § 362. Notice of the bankruptcy filing was filed in the Montana Second Judicial District Court, Silver Bow County, by Northwestern Energy on September 24, 2003. The Montana Supreme Court has since stayed proceedings on the City's appeal.

On March 1, 2004, Plaintiff filed a motion for an order of withdrawal of reference to the Delaware Bankruptcy Court and an order of transfer of the case to this Court. The motion was granted on April 29, 2004, by the United States District Court for the District of Delaware. In its Memorandum Opinion, the Delaware District Court noted that "permissive withdrawal is proper because, pursuant to 28 U.S.C. § 157(b)(5), the Bankruptcy Court is without subject matter jurisdiction over Plaintiff's claims."[2] (Memorandum Opinion at 2 (April 29, 2004, U.S. Dist. Ct. for the D. Del., Civ. Action No. 04-167 JJF).) On June 29, 2004, Plaintiff moved this Court to remand the case to the Second Judicial District Court, Silver Bow County. Both Northwestern Energy and the City oppose the motion.

---

[2] 28 U.S.C. § 157(b)(5) provides:

> The district court shall order that personal injury tort and wrongful death claims shall be tried in the district court in which the bankruptcy case is pending, or in the district court in the district in which the claim arose, as determined by the district court in which the bankruptcy case is pending.

## DISCUSSION

This Court has jurisdiction under 28 U.S.C. § 1334(b) over the instant case as a "related to" case under Chapter 11.[3] Fietz v. Great Western Sav., 852 F.2d 455, 457 (9th Cir. 1988). That jurisdiction, however, is not exclusive. 28 U.S.C. § 1334(b).

This Court has found no record that the Delaware District Court considered Plaintiff's claims against the City as having been referenced to the Delaware Bankruptcy Court. Moreover, absent bankruptcy related jurisdiction, the city would not have been amenable to suit in this Court. 28 U.S.C. § 1332. No suggestion of federal question jurisdiction under 28 U.S.C. § 1331 has been made.

As noted, the jurisdiction conferred by 28 U.S.C. § 1334(b) is concurrent with that of the Montana courts. Here, the claims asserted by Plaintiff against both Defendants arise from a common set of facts and are clearly interrelated. State law issues predominate. Trial in a single forum promotes judicial economy and minimizes the risk of inconsistent results. 28 U.S.C. § 1452(b) contemplates that remand may be made on any equitable ground. Remand is appropriate. San Ramon Foothills v. Mountain West Homes, No. C 03-03696 SI, 2004 WL 391610 (N.D. Cal. Feb. 25, 2004); Western Helicopters, Inc. v. Hiller Aviation, Inc., 97 B.R. 1, 6 (1988).

---

[3] 28 U.S.C. § 1334(b) provides:

> Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.

**ORDERED:**

Plaintiffs' Motion for Abstention and Remand[4] is GRANTED. This case in its entirety, and as to all parties, is REMANDED to the Montana Second Judicial District Court, Silver Bow County.

DATED this 17th day of August, 2004.

*Sam G. Haddon*
SAM E. HADDON
United States District Judge

---

[4] Docket No. 4.

-4-

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| **NORTHWESTERN CORPORATION,** | ) | Case No. 03-12872 (JLP) |
| | ) | |
| Debtor. | ) | |
| | ) | |

### CERTIFICATE OF SERVICE

I, William D. Sullivan, Esquire, hereby certify that on February 24, 2005, service of the *Motion Of Douglas Nelson And Shila Fisher For Relief From Stay And Abstention In Favor Of The Second Judicial Circuit Court For Silver Bow County, Montana* was made upon Debtor's counsel, the United States Trustee, the Official Committee of Unsecured Creditors, and all parties requesting notice in this case, by Hand Delivery and/or First Class Mail.

I certify the foregoing to be true and correct under the penalty of perjury.

   February 24, 2005                                                    */s/ William D. Sullivan*
            Dated                                                         William D. Sullivan