IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: | : Chapter 11 |
| | : Bankr. Case. No. 03-12872-JLP |
| NORTHWESTERN CORP., | : |
| | : Civil Action No. 05-151-JJF |
| Debtor. | : |

William E. Chipman, Esquire and Scott D. Cousins, Esquire of
GREENBERG TRAURIG, LLP, Wilmington, Delaware.
<u>Of Counsel</u>: Jesse H. Austin, III, Esquire and Karol K.
Denniston, Esquire of PAUL, HASTINGS, JANOFSKY & WALKER LLP,
Atlanta Georgia.
Attorneys for Reorganized Debtor, Northwestern Corp..

Noel C. Burnham, Esquire of MONTGOMERY, MCCRACKEN, WALKER &
RHOADS, LLP, Wilmington, Delaware.
<u>Of Counsel</u>: Brent R. Cromley, Esquire, Douglas James, Esquire,
and Thomas A. Mackay, Esquire of MOLTON, BELLINGHAM, LONGO &
MATHER, P.C., Billings, Montana.
Attorneys for Claimants Roger and Carol Rhor.

William D. Sullivan, Esquire of BUCHANAN INGERSOLL PC,
Wilmington, Delaware.
<u>Of Counsel</u>: Michael D. Cok, Esquire, and Travis Kinzler, Esquire
of COK, WHEAT, BROWN & MCGARRY, PLLP, Bozeman, Montana.
Attorneys for Claimants Douglas Nelson and Shila Fisher.

**<u>MEMORANDUM OPINION</u>**

February 24, 2006
Wilmington, Delaware

**Farnan, District Judge.**

Pending before the Court is Debtor's Motion To Withdraw Reference Pursuant To 28 U.S.C. § 157(b)(5) (D.I. 1), filed by Northwestern Corporation ("Northwestern"). By its Motion, Northwestern requests the Court to withdraw the reference to the Bankruptcy Court of Northwestern's objections to four proofs of claim filed in its bankruptcy case. For the reasons discussed, the Court will deny the Motion.

## BACKGROUND

On September 14, 2003, Northwestern, a Delaware corporation, filed a voluntary petition for relief, under Chapter 11 of the Bankruptcy Code, with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). Among the proofs of claim filed in Northwestern's bankruptcy case are: claim number 512, filed by Douglas Nelson and Shila Fisher; claim number 793 filed by Roger Rohr and Carol Rohr; claim number 944 filed by the Estate of Orval Meyer; and claim number 1082, filed by Kenneth Kovack as Personal Representative for the Estate of Donald Kovack and Diana Kovack. Each of these proofs of claim asserts an unsecured, nonpriority, contingent, and unliquidated claim based on a personal injury or wrongful death action initiated in a Montana State Court. On January 31, 2005, Northwestern filed its Sixteenth Omnibus Objection To Claims,

which includes various objections to the proofs of claim listed above.

By its Motion, Northwestern seeks withdrawal of the reference of its objections to proofs of claim numbers 512, 793, 944, and 1082, pursuant to 28 U.S.C. § 157(b)(5), on the grounds that the proofs of claim are for personal injury or wrongful death. (D.I. 1 at 11.) Claimants Roger Rohr and Carol Rohr, and Douglas Nelson and Shila Fisher have filed responses opposing Northwestern's Motion. (D.I. 4 & 5.) The other Claimants have not filed responses.

### DISCUSSION

Northwestern bases its Motion on 28 U.S.C. § 157(b)(5), which provides that:

> The district court shall order that personal injury tort and wrongful death claims shall be tried in the district court in which the bankruptcy case is pending, or in the district court in the district in which the claim arose, as determined by the district court in which the bankruptcy case is pending.

However, it is not necessary that the Court withdraw the reference of Northwestern's objections to the proofs of claim in order for the personal injury and wrongful death claims at issue to be tried in the appropriate forum. Indeed, each of the four claims is now pending in, or has already been resolved by Montana State Courts.[1] The Court has already withdrawn the reference of

---

[1] On the record before it, the Court cannot determine the current status of the Montana cases.

2

the actions underlying proofs of claim 793 and 944, and transferred those matters to the District Court for the District of Montana. See In re Northwestern Corp., No. 04-110-JJF, 2004 WL 1044421 (D. Del. Apr. 29, 2004); In re Northwestern Corp., No. 04-167-JJF, 2004 WL 1044383 (D. Del. Apr. 29, 2004). The Montana District Court then remanded both matters to Montana's Second Judicial District Court, Silver Bow County. (D.I. 5, Ex. A & B.) With respect to proof of claim 512, the Bankruptcy Court entered an order lifting the automatic stay and abstaining from hearing the action underlying the proof of claim, in favor of Montana's Second Judicial District Court, Silver Bow County. (Id., Ex. B.) The action underlying proof of claim 1082 has already been tried in Montana's Eighth Judicial District Court and appealed to the Montana Supreme Court. (D.I. 1, Ex. D.)

It appears to the Court that resolution of the Montana State Court actions will also resolve the issues raised by Northwestern's objections to the Claimants' proofs of claim. However, to the extent that any of Northwestern's objections remain unresolved following termination of the litigation in Montana State Courts, those objections will be properly before the Bankruptcy Court. Accordingly, the Court will deny Northwestern's Motion To Withdraw The Reference.

An appropriate order will be entered.

3